378 So.2d 911 (1979)
STATE of Louisiana
v.
Sidney Earl KNAPP.
No. 64959.
Supreme Court of Louisiana.
December 13, 1979.
*913 Paul H. Jantz, McReynolds & Jantz, De Ridder, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., David W. Burton, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.[*]
Defendant Sidney Knapp was charged by bill of information with simple escape from the Louisiana Correctional and Industrial School in violation of R.S. 14:110(A)(1). He was convicted on March 20, 1979, and sentenced to five years at hard labor.
On December 20, 1978 defendant, accompanied by another inmate of the Correctional School, went to church on the Correctional School grounds. Instead of returning to the dormitory, the defendant and his accomplice crawled to a double fence under a guard tower. Then they crawled over the fence and walked along some railroad tracks until they reached a lumber company immediately south of the school. They jumped the ignition of a Chevrolet truck belonging to the lumber company and drove it through a locked gate. When they ran out of gas in Houston, they abandoned the truck. They stole a car in Houston and drove it to Flagstaff, Arizona where they were apprehended. Defendant assigns five assignments of error.
In defendant's first assignment he contends that the state did not discharge its burden of proving beyond a reasonable doubt that defendant's confession was freely and voluntarily made and that the defendant knowingly and intelligently waived his Miranda rights. Miranda v. Arizona, 348 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), R.S. 15:451, State v. Coleman, 369 So.2d 1286 (La.1979). Defendant contends that his low intelligence level, poor education, and poor reading ability precluded a knowing and intelligent waiver of his Miranda rights.
The state's uncontradicted evidence established that the defendant's confession was not induced by force, threats, or promises. The only evidence offered by defendant that the confession was involuntary was that the nineteen year old defendant was interrogated in a room with five police officers. The defendant may have been somewhat nervous, but the defendant had been interrogated by the police on numerous other occasions. The fact above that he was questioned in a room with five police officers does not create a reasonable doubt that the confession was anything other than free and voluntary.
In addition to proving the voluntariness of a confession, the state must prove that a confession obtained during a custodial interrogation was preceded by Miranda warnings and a valid waiver of the defendant's constitutional rights. See State v. Payne, 338 So.2d 682 (La.1976). Whether or not a defendant understood his rights and intelligently waived them must be determined on the facts of each case. State v. Alexander, 339 So.2d 818 (La.1976).
The defendant was questioned in an office at the Correctional School at 7:09 p.m., January 9, 1979, approximately two weeks after defendant and his accomplice were apprehended in Flagstaff, Arizona. The unrebutted testimony of the state established that defendant's Miranda rights were read to him off of a card. The card detailed defendant's constitutional rights in plain English.[1]
*914 Then defendant was asked if he understood his rights and he responded affirmatively. In addition to the reading of the Miranda rights, a deputy told the defendant that he had a right to have an attorney present at the questioning. The defendant said that he understood his rights and that he wanted to waive them and talk to them. After the deputy explained that the waiver of rights was not a guilty plea, defendant signed a waiver of his constitutional rights. While both officers testified that a deputy read the waiver of rights form to the defendant, there was this difference in their testimony: one of the officers testified that the defendant also read the waiver form himself, and the other deputy testified that defendant said that he had no desire to read the waiver form.
In either event, the state has met its burden of proving that the defendant knowingly and intelligently waived his Miranda rights. This Court has held that low intelligence, illiteracy, and mental problems do not necessarily preclude a valid waiver of Miranda rights. State in the Interest of Dino, 359 So.2d 586 (La.1978); State v. Gaines, 354 So.2d 548 (La.1978); State v. Payne, 338 So.2d 682 (La.1976).
In the present case the defendant is a nineteen year old with a sixth or seventh grade education. He testified that he did not read well; but he is not illiterate. His Miranda rights were read to him and he was told specifically that he had the right to have an attorney present during questioning. Defendant stated that he understood his rights, wanted to waive them, and gave no indication that he did not understand his rights. At trial the court questioned the defendant and found that the defendant knew the meaning of the words in the Miranda warning and was intelligent enough to understand what his rights were. We conclude that the record establishes that the defendant knowingly and intelligently waived his Miranda rights.
The defense contends in the second assignment of error that the trial court erred in allowing two deputies to rely on their supplemental offense report to refresh their memories when testifying about defendant's oral confession. Deputy Becton and Deputy DeLouche questioned the defendant, but only Deputy Becton took notes on defendant's confession. These notes were destroyed after they were incorporated into a supplemental offense report along with other information resulting from further investigation of the escape and theft of the truck. Both officers used the supplemental offense report to testify.
R.S. 15:279[2] clearly allows Deputy Becton to refresh his memory by referring to the memoranda (the supplemental offense report) that he transcribed from his own notes. R.S. 15:279 states that it is immaterial by whom or when the memoranda was made so long as the witness can testify to the fact. Deputy DeLouche could refer to the supplemental offense report to refresh his memory of defendant's confession because the report in which the confession was contained was a composite report of statements of the defendant and his accomplice made to both officers. State v. Barnes, 257 La. 1017, 245 So.2d 159 (La. 1970). Defendant's argument is without merit.
Defendant's third contention is that the police improperly testified to the taking of the Chevrolet truck, a reference to another crime committed by defendant. Evidence of crimes, even those related to the offense with which defendant is charged, is *915 inadmissible except under special circumstances. State v. Prieur, 277 So.2d 126 (La. 1973). See McCormick on Evidence, Section 190 (Cleary Ed. 1972).
R.S. 15:447 and 448, Louisiana's "res gestae" statutes, are exceptions to the general rule stated in Prieur.[3] This Court has in recent cases required a very close connexity between the charged offenses and the offenses sought to be introduced under the "res gestae" exception. See State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Mitchell, 344 So.2d 1026 (La.1977); State v. Brown, 340 So.2d 1306 (La.1976).
In the case at bar the judge instructed the officers not to use the word "stole" in referring to the defendant's taking of the truck, but allowed the state to introduce evidence that the truck was taken in order to show how the defendant left the area. As the truck was instrumental in effecting the defendant's escape, evidence of the defendant's taking of the truck satisfies the connexity requirement of Prieur and its progeny.
In his fourth and fifth assignments of error, defendant contends that the court improperly considered the theft of the Chevrolet truck in imposing sentence and that the sentence of five years to run consecutive to defendant's other sentences is excessive in light of defendant's age and previous record.
C.Cr.P. Art. 875(A)(1)[4] allows the court to order the Department of Corrections to investigate the defendant's history of delinquency or criminality, personal habits, and the circumstances surrounding the commission of the offense. The manner in which an escape is effected is an important factor in determining an inmate's sentence for an escape. The commission of another crime while escaping is an aggravating factor which a trial court may properly consider in passing sentence. Although the defendant has not yet been charged with the theft offense, in a free and voluntary confession he admitted to stealing the truck in which he fled from the state. This is not an instance where the trial court relies on pre-sentence information which is materially false or which provides an invalid premise for the sentence. State v. Underwood, 353 So.2d 1013 (La.1977); See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). The trial court was justified in considering the theft of the truck in imposing defendant's sentence.
Defendant's contention that his five year sentence is excessive and in violation of the Louisiana Constitution of 1974, Article 1, Section 20, is also without merit. Defendant was convicted of two burglary charges in 1978. A five year sentence was suspended and the defendant was placed on five years probation with the condition that he serve a year in a regional rehabilitation center. One month after the defendant arrived at the rehabilitation center, this probation was revoked because he refused to follow the center's rules. Two days after being transferred to the Louisiana Correctional *916 and Industrial School he perpetrated the escape of which in this case he was convicted.

Decree
For the foregoing reasons the conviction and sentence of the defendant are affirmed.
AFFIRMED.
NOTES
[*] Honorable JESSE N. STONE, Jr. served as Justice Ad Hoc in the vacancy created by the resignation of TATE, J.
[1] The waiver of rights card read:

"Before we ask you any questions, you must understand your rights.
"You have the right to remain silent.
"Anything you say can be used against you in court.
"You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.
"If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.
"If you decide to answer questions now without a lawyer present, you will still have a right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer."
[2] Louisiana Revised Statute 15:279 provides:

"A witness may be allowed to refresh his memory by reference to his testimony given on the preliminary examination, or at a coroner's investigation, or on a previous trial, or, for the purpose of refreshing his present memory a witness may examine memoranda, and it is immaterial by whom or when the memoranda were made, provided that, after such inspection, the witness can testify to the fact."
[3] Louisiana Revised Statute 15:447 provides:

"Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence."
Louisiana Revised Statute 15:448 provides:
"To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
[4] Code of Criminal Procedure, Article 875(A)(1) provides:

"A. (1) If a defendant is convicted of an offense other than a capital offense, the court may order the Department of Corrections, division of probation and parole, to make a presentence investigation. All such reports shall be made within sixty days of conviction except that when the defendant is released on bond pending imposition of sentence, such reports shall be made within ninety days of conviction. In making the investigation, the probation officer shall inquire into the circumstances attending the commission of the offense, the defendant's history of delinquency or criminality, his family situation and background, economic and employment status, education and personal habits."