431 So.2d 838 (1983)
STATE of Louisiana, Plaintiff-Appellee,
v.
Kenneth Alexis SMITH, Defendant-Appellant.
No. 15297-KA.
Court of Appeal of Louisiana, Second Circuit.
May 3, 1983.
Writ Denied June 29, 1983.
*839 Robert P. Waddell, Shreveport, for defendant-appellant.
Paul J. Carmouche, Dist. Atty., Shreveport, Barbara B. Rutledge, Asst. Atty. Gen., Carey T. Schimpf, Catherine M. Estopinal, Asst. Dist. Attys., for plaintiff-appellee.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
PER CURIAM.
Defendant, Kenneth A. Smith, pleaded guilty to simple burglary of an inhabited dwelling (R.S. 14:62.2) and was sentenced to imprisonment at hard labor for 12 years, one of which was to be served without benefit of parole. Defendant appealed his sentence, filing five assignments of error which centered around a complaint of excessiveness due to the trial judge's (1) failure to accord proper weight to mitigating circumstances and (2) erroneous consideration of "other crimes".
On the evening of November 1, 1981 law enforcement officers apprehended the defendant in the act of burglarizing an apartment in the Shreveport complex where he resided. A subsequent search of defendant's apartment resulted in the discovery of property valued in excess of $100,000 which defendant had stolen during the course of numerous burglaries of inhabited dwellings. As the police continued their investigation the defendant was extremely cooperative, pointing out premises that he remembered having entered unlawfully over a period of some months. As a result, the officers finally concluded that defendant was responsible for over 30 previously unsolved burglaries in the Shreveport area.
Defendant was formally charged with five counts of burglary of an inhabited dwelling. Pursuant to a plea bargain, he pleaded guilty to one count and the State dismissed the other four.
A presentence investigation revealed that defendant was convicted of burglary in 1979 and of forgery in 1982both in the State of Delaware. He received suspended sentences and was placed on probation for both of these felony convictions. Prior to the plea bargain the State was not aware of this criminal record.
A lengthy sentencing hearing was held at which a parade of witnesses attested to defendant's having undergone a genuine religious conversion experience after his arrest for the described burglaries. He had become an active member of a local church and spoke to countless youth groups about the perils of drug addiction.
Prior to imposition of sentence the conscientious trial judge meticulously followed the guidelines set forth in La.C.Cr.P. Art. 894.1, articulating the factors militating for as well as against incarceration. It was noted that this 27 year old defendant moved to Shreveport in 1980 to play with the local professional football team; was married and the father of a small child; apparently had a longstanding drug problem which he financed through burglaries; never committed any violent acts during the burglaries; and seemingly had experienced a real religious conversion. On the other hand, the trial judge also noted the defendant's extensive history of criminal activity and the serious nature of his offenses. He then proceeded to sentence the defendant to the maximum imposable term for this offense.
*840 Our review of the sentencing proceeding leads to the conclusion that the trial judge was very painstaking in his compliance with Article 894.1 and, contrary to defendant's argument, carefully considered the pertinent mitigating factors.
The contention that the trial judge erroneously considered crimes for which defendant had not been charged or convicted is also without merit. In the absence of allegations of mistake or falsehood, evidence of uncharged offenses is admissible and is a valid factor for consideration in sentencing. State v. Knapp, 378 So.2d 911 (La.1979); State v. Carthan, 377 So.2d 308 (La.1979); La.C.Cr.P. Art. 894.1 B(7). Defendant made no assertion that testimony concerning his involvement in numerous burglaries (with which he was not charged) was baseless. Therefore, it was appropriate for the trial judge to take these offenses into account in the assessment of defendant's sentence.
Because of his prior felony convictions, defendant was not eligible for supervised probation under a suspended sentence. If tried and convicted of the five counts originally lodged against him, defendant would have faced a maximum possible sentence of 60 years. Processing as a habitual offender would have doubled this exposure. Considering defendant's extensive past criminal activity and the serious nature of those offenses, together with the other cited factors, we do not find that defendant's sentence was excessive even though it was the maximum which could have been imposed. See State v. Brown, 410 So.2d 1043 (La.1982).
For these reasons, defendant's sentence is affirmed.