HALL, Judge.
The defendant, an 18-year-old first offender, appeals from the imposition of a sentence of seven years at hard labor for the commission of forgery in violation of LSA-R.S. 14:72, contending that the sentence imposed constitutes excessive punishment in contravention of Article 1, § 20 of the Louisiana Constitution and that the trial judge improperly considered the defendant’s alleged involvement in an attempted armed robbery in imposing sentence. We agree with the defendant’s contentions and remand this case for resentencing.
From August 3, 1982 to August 14, 1982, the defendant forged five checks drawn on the First National Bank, Stonewall office, in DeSoto Parish, in the amounts of $125, $100, $150, $125, and $75. He was subsequently indicted by a DeSoto Parish grand jury on five counts of forgery arising from those transactions. Pursuant to a plea bargain agreement, the defendant pled guilty to one count of forgery in exchange for the state’s promise not to prosecute him on the remaining four counts. Thereafter, the defendant was sentenced to seven years of confinement at hard labor and timely perfected this appeal.
The pre-sentence investigation report dwells extensively on the defendant’s alleged involvement in an attempted armed robbery. In imposing sentence, the trial judge stated that although it appeared the defendant would not be convicted for his involvement in the attempted robbery the court was not satisfied that the defendant was not involved, and the court considered the probation officer’s statement that the defendant was an accomplice in that crime as not being “totally erroneous.” Consideration of the defendant’s alleged involvement in the attempted robbery was plainly the primary reason why the trial court im *849 posed a near maximum sentence for the forgery offense to which the defendant pled guilty.
The defendant’s contention that the trial judge erred in improperly considering the defendant’s alleged involvement in an attempted armed robbery in imposing sentence is correct. While the trial judge may properly consider evidence of other offenses in determining sentence, such consideration is proper only in the presence of a showing that the defendant perpetrated those other offenses. See State v. Ray, 428 So.2d 1116 (La.1982). Contrast with State v. Knapp, 378 So.2d 911 (La.1979); State v. Hatter, 338 So.2d 100 (La.1976); State v. Pierson, 296 So.2d 324 (La.1974); and State v. Roberts, 427 So.2d 1300 (La.App.2d Cir.1983), in which the consideration of other offenses in imposing sentence was properly founded upon a sufficient showing that the defendant was the perpetrator. Since no such showing exists in this case, the trial judge’s consideration of the defendant as an accomplice in the attempted armed robbery was improper.
On August 16, 1982, Andre Herrin attempted an armed robbery of the Wag-A-Bag # 1 in Mansfield. Herrin was wounded by the store owner during the confrontation and later died. Although the defendant was indicted by a DeSoto Parish grand jury in connection with the attempted armed robbery, that charge against the defendant was subsequently dismissed by the district attorney’s office due to a lack of evidence. That charge was not dismissed, as the officer who prepared the pre-sentence investigation report erroneously thought, as a part of the plea bargain agreement perfected in this case.
At most, the evidence presented at the sentencing hearing establishes only that the defendant accompanied Herrin to the Wag-A-Bag store on the night of August 16 at Herrin’s request, and that the defendant immediately left the scene upon being advised by Herrin that he planned to rob the store. A polygraph examination of the defendant conducted by a Mansfield city police officer reflected that the defendant was truthful in his account of how the incident happened. Although the defendant is alleged to have confessed to his involvement in the attempted armed robbery, no written or recorded confession by the defendant was ever produced. Furthermore, those officers alleged to have heard the defendant’s confession did not testify at the sentencing hearing. The record reflects that the lack of a confession by the defendant and the indication by the polygraph examination that the defendant was truthful in his account of the incident were the reasons for the dismissal of the attempted armed robbery charge against the defendant. The defendant denied any involvement in the attempted armed robbery and was never identified as a perpetrator of that offense.
Certainly, the fact that the defendant accompanied the perpetrator, who had a sawed-off rifle, to the store raises substantial suspicion of his involvement in that crime, but mere suspicion of implication in another offense is not sufficient to warrant consideration of the other offense as a major factor in imposing sentence for the unrelated offense to which the defendant pled guilty. Under these circumstances, the trial judge erred in considering evidence of the defendant’s alleged involvement in the attempted armed robbery in imposing sentence.
Furthermore, in the absence of the improperly considered evidence, the remaining facts of this case will not support the seven-year sentence imposed. The defendant was 17 years old at the time of the offense and 18 years old at the time of sentencing. He had no prior record of criminal activity and had a fairly stable employment history given his young age, his lack of a high school diploma, and the fragmented and transient nature of his homelife. Considering not only that forgery count to which the defendant pled guilty but also those forgery counts dismissed in accordance with the plea bargain, the amount of money involved in this case totals $575. All of the forged instruments were executed in a 12-day period as opposed to a longer time frame which would tend to *850 indicate a more persistent and permanent course of criminal conduct by the defendant. The First National Bank indicated that they suffered no discernible loss as a result of the defendant’s actions.
Once the improper consideration of the attempted armed robbery is removed because there is no factual basis therefor, the punishment in this case becomes excessive. Consequently, it is appropriate that we remand this case to the district court so that the trial judge may exercise his informed discretion in the imposition of a more appropriate sentence, after excluding any consideration of defendant’s alleged involvement in the attempted armed robbery. Due consideration should be given to the factors enumerated in LSA-C.Cr.P. Art. 894.1, A. and B., and the court should state for the record the considerations taken into account and the factual basis therefor in imposing sentence as required by 894.1 C.
The defendant’s conviction is affirmed. However, the sentence imposed is vacated and set aside and the case is remanded to the district court for resentencing.