PER CURIAM.
The defendant, an attorney, was charged by bill of information with two counts of felony theft arising out of transactions involving funds collected on behalf of clients. While these charges were pending, the Bossier Parish District Attorney’s Office received additional complaints on behalf of defendant’s clients which made it apparent that defendant could be arrested on other theft charges. Pursuant to a plea agreement, the defendant pled guilty to two counts of felony theft, and in return the district attorney agreed not to file any additional charges arising out of similar circumstances occurring prior to the defendant’s arrest. The trial court sentenced the defendant to six years at hard labor on each count, said sentences to run concurrently.
On appeal, the defendant alleges as error that the trial court improperly assigned the task of compiling data regarding uncharged offenses to the investigator of the district attorney’s office and that the trial court improperly relied upon such compilation in fixing defendant’s punishment; the trial court failed to give adequate weight to the numerous mitigating circumstances presented by the PSI; and the trial court imposed an excessive sentence. We affirm.
On January 12, 1989, the defendant turned himself in to the Bossier Parish Sheriff’s Office in response to an arrest warrant based upon a complaint by one of his former clients. Apparently, this client contacted Allstate Insurance Company in reference to a settlement with that company which had been handled by the defendant. The insurance company responded with a photocopy of a draft in the amount of $3,933.10 for full and final settlement. The photocopy indicated that the draft was signed by the client and by the defendant.
While the defendant was out on bond from this initial arrest, the district attorney’s office received additional complaints. A second arrest warrant was issued and the defendant was ultimately charged with two counts of felony theft. Defendant pled guilty in return for the district attorney’s agreement not to file additional charges arising from similar circumstances occurring prior to the defendant’s arrest. The record reflects that the district attorney agreed not to make a sentence recommendation but would inform the court of all complaints against the defendant received by that office.
A pre-sentence investigation was conducted by the Department of Public Safety and Corrections, Division of Probation and Parole, as authorized by LSA-C.Cr.P. Art. 875 A(l). Additionally, the district attorney’s office filed a victim impact statement which was prepared by its investigator, Mr. Bill Gray, as authorized by LSA-C.Cr.P. Art. 875 B.
The defendant’s first assignment of error is that the trial court erred in assigning the task of compiling data regarding uncharged offenses committed by the defendant to the investigator of the district attorney’s office and in relying heavily upon such compilation in fixing defendant’s punishment. The defendant argues that although the trial court has discretionary authority to order a pre-sentence investigation under LSA-C.Cr.P. Art. 875 A(l), the law does not purport to allow anyone other than the Department of Public Safety and Corrections, Division of Probation and Parole, to perform that task. The defendant then argues that the statement filed by Investigator Gray includes erroneous information.
The defendant’s contention that the adversarial party, the district attorney’s office, was the only one to perform the sensitive function of preparing a pre-sentence investigation is incorrect. There is a complete pre-sentence investigation report by the Department of Public Safety and Corrections, Division of Probation and Parole. The documents filed by the district attorney’s office are victim impact‘ statements filed in accordance with LSA-C.Cr.P. Art. 875 B.
As to defendant’s contention of materially false information, the Louisiana Supreme Court has stated:
Where, in imposing a heavy sentence, the trial court relies upon pre-sentence information which is materially false or *1162 which furnishes invalid information, the defendant must be given an opportunity to deny or explain such substantially significant misinformation. State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977). See also: United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); United States v. Espinoza, 481 F.2d 553 (CA 5, 1973).
State v. Bosworth, 360 So.2d 173, 175 (La.1978). However, the Louisiana Supreme Court has held that due process does not require a full-scale evidentiary hearing to give the defendant an opportunity to rebut or explain the allegedly false information. State v. Parish, 429 So.2d 442 (La.1983).
In the instant case, the trial judge gave the defendant more than adequate opportunity to rebut any erroneous or inconsistent information provided in the victim impact statement. The court held a sentencing hearing on June 16,1989, and as a result of the defendant’s contentions that he had misappropriated substantially less money than had been reported by the district attorney’s investigator, the court scheduled a meeting on June 19 with the investigator, the defendant, and defense counsel to consider the issue. Thus, the defendant was given ample opportunity to rebut any erroneous or misleading information.
The defendant also argues that the trial court’s impressions regarding the nature and extent of the uncharged offenses clearly contributed to the decision to impose an unsuspended prison term. He cites State v. Green, 440 So.2d 847 (La.App. 2d Cir.1983), for the proposition that there must be limits imposed upon the quality of proof of such offenses when a matter is determinative of a citizen’s liberty. As stated in that case:
While the trial judge may properly consider evidence of other offenses in determining sentence, such consideration is proper only in the presence of a showing that the defendant perpetrated those other offenses.
State v. Green, supra, at 849. In this case, unlike Green, there is no doubt that it was the defendant who perpetrated the uncharged offenses. The defendant refutes only the extent of those offenses. Thus, the trial judge's consideration of the uncharged offenses was proper. Cf. State v. Roberts, 427 So.2d 1300 (La.App. 2d Cir.1983), wherein this court approved a district court’s consideration of a defendant’s other criminal conduct despite some inaccuracies in the PSI which were “not extremely prejudicial” because those inaccuracies, which the defendant had an opportunity to contest or explain, did not detract from the basic significance of the events revealed.
In sentencing the defendant, the trial court noted the discrepancy between the district attorney’s report indicating total losses in the low six figures as opposed to the defendant’s contention that the total loss was in the mid five figures. The court further agreed that an obligation to Dr. Sarpy amounted to “only” approximately $17,000, as the defendant contended. The court further noted that the Sarpy obligation did not involve misappropriation of clients’ funds but rather the defendant’s failure to pay the bills of various clients which the defendant had guaranteed upon referral to Dr. Sarpy. In the final analysis, the court concluded that the total sum involved ’ was not the determining factor. The court noted that there were at least two dozen victims over a three to four year period and that the two bills of information represented only about $18,000 of what, whether using the district attorney’s figures or those of the defendant, was a substantial sum. It clearly appears that the trial court appropriately evaluated the evidence relating to other uncharged offenses.
The defendant's remaining assignments of error allege the failure of the trial court to adequately consider mitigating factors and the excessiveness of sentence.
The record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately con *1163 sidered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
The record reflects an adequate factual basis for the sentence imposed and that the trial court did in fact consider the many mitigating factors. In mitigation, the trial court considered the defendant’s young family, lack of a prior criminal record, the request by the two victims of the charged offenses for a probationary sentence so that the defendant could make restitution, and the defendant’s explanation of why he began this operation. As the trial court noted, the defendant, as an attorney, held a position of trust with his clients. The instant offenses reflect an egregious violation of that trust. As pointed out by the trial court, the amount actually misappropriated under either version is significant. The charged offenses are part of a continuing pattern over a number of years during which the defendant violated the trust vested in him by his clients.
The trial court considered the defendant’s contention that he had begun the misappropriation of clients’ funds after a series of unfortunate events. He had caught his former secretary misappropriating clients’ funds and confronted her with this information. She committed suicide that same day. He then continued her practice of forging client’s signatures in an attempt to pay back the previous clients from whom the secretary had stolen funds. The trial court concluded that the defendant’s explanation of the events which led him to begin the misappropriation of clients’ funds failed to excuse the continued misappropriation of funds for the following three or four years.
Our review must also determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Winzer, 465 So.2d 817 (La.App. 2d Cir.1985). The defendant’s plea barred his possible exposure to significant other charges arising out of this same course of conduct.
Considering the substantial reduction of exposure through the plea process, the significant losses involved, and the breach of trust involved in the instant offenses, we conclude that the sentences imposed are within the discretion of the trial court and do not shock our sense of justice.
*1164 The defendant’s sentences are affirmed.
AFFIRMED.