847 So.2d 83 (2003)
STATE of Louisiana, Appellee,
v.
Barbara S. LEE, Appellant.
No. 37,143-KA.
Court of Appeal of Louisiana, Second Circuit.
May 14, 2003.
*84 James Edward Beal, Jonesboro, Mary L. Harried, Assistant Indigent Defender, for Appellant.
Richard Ieyoub, Attorney General Paul J. Carmouche, District Attorney, J. Thomas Butler, Bruce Dorris, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS, and CARAWAY, JJ.
BROWN, C.J.
Defendant, Barbara S. Lee, pled guilty to one count of felony theft (a violation of La. R.S. 14:67) and was sentenced to six years at hard labor. After denial of her timely motion for reconsideration, defendant appeals the sentence. For the following reasons, we affirm.

Discussion
Defendant argues that her sentence is excessive because the trial court failed to adequately consider her age and lack of prior criminal history.
Defendant was a 35-year employee of Lunn, Irion, Johnson, Salley, and Carlisle, a Shreveport law firm. She became the firm's bookkeeper and in this capacity, from January 1, 1994, through December 31, 2000, defendant embezzled approximately $373,000 from the firm. When confronted, defendant admitted her culpability and said she used some of the money to pay her personal debts but spent most of the money to support her gambling habit at the local casinos. She also wrote several large checks to her daughter-in-law.
Prior to imposing sentence, the district court considered a PSI report which provided detailed information concerning the background of the defendant who, at the time of sentencing, was 66 years old. The court considered the facts of the case and noted that defendant had enrolled in a treatment program for compulsive gamblers. In mitigation, the court considered that this was defendant's first offense and that she was 66 at the time of sentencing. In aggravation, the court noted the large amount of money involved.
A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment *85 are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.04/02/97), 691 So.2d 864.
On this record, we do not find constitutional error. The sentence imposed is near the middle of the sentencing range available to the district court. Defendant spent 35 years with the victim law firm. She was in a position of trust which she repeatedly abused in an "ongoing series of criminal acts." See State v. Daigle, 96-782 (La.App. 5th Cir.01/28/97), 688 So.2d 158, writ denied, 97-0597 (La.09/05/97), 700 So.2d 506. Although she was charged by the state in one aggregate count, her offense was actually an ongoing series of criminal acts. She could have been charged with several individual offenses. Additionally, there is no indication in the record that defendant or her family offered to make restitution to the victim.
Defendant confessed to stealing the firm's money due to a gambling addiction. While the trial court took under consideration the fact that she was enrolled in a compulsive gamblers' treatment program, we are cognizant that she sought this treatment almost three months after her guilty plea and just before her sentencing hearing. We note that defendant also used the stolen funds for excessive personal items, apparel, restaurant meals, diet products, hotels, and even a cruise trip.
Considering the totality of the facts and circumstances of this matter, we find that the sentence imposed is neither grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice. There is no showing of an abuse of the district court's discretion in the imposition of this sentence which is not constitutionally excessive.

Conclusion
The conviction and sentence are AFFIRMED.
AFFIRMED.