JjDREW, J.
The state originally charged defendant, Martha Elliott Bruce, with one count each of felony theft and forgery but later agreed to dismiss the forgery charge in exchange for defendant’s guilty plea to felony theft, a violation of La. R.S. 14:67 punishable by imprisonment for not more than ten years, with or without hard labor. The district court imposed a sentence of six years at hard labor and denied a timely motion for reconsideration. Defendant argues that her sentence is excessive. We affirm.
The matters of record show that between July 1999 and March 2003, defendant was the treasurer of the Asbury United Methodist Church. Each month she wrote unauthorized checks from the church’s account to pay her insurance premiums. She also wrote monthly unauthorized checks to herself from the church’s account. In most of these incidents, defendant forged her co-worker’s signatures on the checks. The total amount of the unauthorized checks was in excess of $79,000. Defendant, age 58 at the time of sentencing, claimed she perpetrated the scheme to pay her medical bills.
When, as here, a defendant’s motion for reconsideration urges merely that the sentence is excessive, she is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993). Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense, or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992); State v. White, 37,815 (La.App.2d Cir.12/17/03), 862 So.2d 1123.
| a A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
Prior to imposing sentence, the court considered a PSI report and the facts of *638 the case. The court observed that the defendant had not shown any remorse and had never apologized nor accepted complete responsibility for her wrongdoing. Not a penny of restitution had been made.
In mitigation, the court noted defendant’s age, poor health, and lack of a juvenile or adult record. In aggravation, the. court found defendant had used her position of trust to facilitate the commission of the crime. The offense caused significant economic loss to the victim and involved multiple incidents for which separate charges could have been justified and separate sentences imposed.
We note two recent cases wherein six year sentences were imposed and affirmed:
• In State v. Lee, 37,143 (La.App.2d Cir.5/14/03), 847 So.2d 83, the 66-year-old defendant pled guilty to one count of felony theft, having embezzled $373,000 from her law firm employers over a period of six years. In affirming the six-year sentence, this court noted she had abused a position pf trust and engaged in an ongoing series of criminal acts which could have been punished separately. There was no restitution. That defendant had a gambling problem.
13* In State v. Armstrong, 557 So.2d 1160 (La.App. 2d Cir.1990) writ denied, 564 So.2d 320 (La.1990), the attorney, also a first offender, had stolen from several clients. Though charged with misappropriating $18,000, the actual dollar amount was far in excess of that sum.[1] In affirming the six-year sentence, this court also noted the abuse of a position of trust.
On this record, we do not find constitutional error. Defendant was exposed to imprisonment for up to ten years but was sentenced to serve far less than that. The trial court carefully considered the facts and circumstances of this matter before imposing sentence. It is lawful and, under the unique circumstances of this case, is neither grossly disproportionate to the severity of the offense of conviction nor is it shocking to our sense of justice. There is no showing of a manifest abuse of the district court’s discretion in the imposition of this mid-range sentence which is not constitutionally excessive.
The conviction and sentence are AFFIRMED.

. Mid-five figures, according to the defendant; mid-six figures, according to the state.