940 So.2d 43 (2006)
STATE of Louisiana, Appellee
v.
Melody G. HASTY, Appellant.
No. 41,264-KA.
Court of Appeal of Louisiana, Second Circuit.
September 20, 2006.
*44 Louisiana Appellate Project, by Edward K. Bauman, for Appellant.
Paul J. Carmouche, District Attorney, William J. Edwards, Ron Christopher Stamps, Assistant District Attorneys, for Appellee.
Before BROWN, CARAWAY and MOORE, JJ.
MOORE, J.
Melody Hasty pled guilty as charged to top-grade felony theft, La. R.S. 14:67, with the agreement that based on the presentence investigation report ("PSI"), the state would decide whether to charge her as a multiple offender. The state did not multiple-bill her, and the district court sentenced her to eight years at hard labor. She now appeals, urging only that the sentence is excessive. We affirm.
Between December 2000 and November 2003, Ms. Hasty was employed as a clerk for the Town of Greenwood in Caddo Parish. Her job duties included receiving moneys collected by the town and depositing them in the town's bank account. Although routine audits did not immediately detect any irregularities, various town officials suspected that funds were missing. After a belated investigation by the Office of the Legislative Auditor, Ms. Hasty confessed to taking over $100,000 in traffic fines. She maintained that she took the money chiefly to cover medical expenses and her husband's credit card bills, but admitted that she had also made down payments of $14,000 on a farm, $5,000 on a 2002 Jeep, and $5,000 on a Dodge one-ton truck, and bought eight quarter horses at $500 each. The state believed the total amount of misappropriation was over $130,000.
The state charged Ms. Hasty with "felony theft over $1,000." The top grade of theft is actually for "a value of five hundred dollars or more." La. R.S. 14:67 B(1). However, the $1,000 stated in the bill of information is obviously greater than the $500 threshold in the statute, so we perceive no error. State v. Jordan, 00-1508 (La.App. 5 Cir. 11/27/01), 802 So.2d 933.
In accordance with the plea agreement, the court ordered a PSI which showed that Ms. Hasty had a 1991 conviction in Texas for burglary of a habitation (simple burglary), for which she had received a deferred sentence and five years' probation. At the sentencing hearing, the court admitted several letters from friends and associates who attested to Ms. Hasty's good character, as well as a letter from Ms. Hasty herself, apologizing for her conduct and offering to repay the town if she were spared incarceration. The current mayor, Dr. Ernest Lampkins, testified that Ms. Hasty's actions had a "devastating impact on the town of Greenwood's financial stability in all areas of its fiscal responsibility." As noted, the court sentenced Ms. Hasty to eight years at hard labor and denied a motion to reconsider.
The appellate review of sentences for excessiveness is two-pronged. First, the record must show that the trial court considered the criteria of La. C. Cr. P. art. 894.1. The sentencing court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Quiambao, 36,587 (La. App. 2 Cir. 12/11/02), 833 So.2d 1103, writ *45 denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1130. In brief, Ms. Hasty has not alleged that the court misstated or omitted any important factual matters. Our review shows substantial compliance with Art. 894.1.
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 92-3120 (La.9/10/93), 623 So.2d 1276; State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no measurable contribution to acceptable penal objectives. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158.
Ms. Hasty used her position of trust to facilitate the theft of over $130,000, a large sum for any municipality but a dangerous financial blow for a town like Greenwood. Although she proposed restitution in her letter, as of sentencing she had not tendered any. In addition, her prior deferral of sentence and probation in Texas had failed to deter the instant offense. On the other hand, the court noted that Ms. Hasty's prior offense was 13 years earlier, when she was only 18 years old, and that she had cooperated with authorities.
For top-grade theft, Ms. Hasty faced a sentence of 10 years with or without hard labor, a fine of up to $3,000, or both. La. R.S. 14:67 B(1). The sentence of eight years is near the maximum but does not appear disproportionate to the magnitude and circumstances of the offense. State v. Lee, 37,143 (La.App. 2 Cir. 5/14/03), 847 So.2d 83. The assigned error lacks merit.
We have reviewed the entire record and found nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For these reasons, the conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.