# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 24-324


**STATE OF LOUISIANA**

**VERSUS**

**JOSHUA J. BOUTTE**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, DOCKET NO. 2021-CR-620
HONORABLE ROGER P. HAMILTON, Jr., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JONATHAN W. PERRY**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of Candyce G. Perret, Jonathan W. Perry, and Sharon Darville Wilson, Judges.


**AFFIRMED.**
**REMANDED WITH INSTRUCTIONS.**

Ryan A. Harris
Assistant Public Defender
16th Judicial District Public Defender
301 East Saint Peter Street, Suite 101
New Iberia, Louisiana 70560
(337) 365-4006
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Joshua J. Boutte

M. Bofill Duhé
District Attorney, 16th Judicial District
W. Claire Howington
Assistant District Attorney
300 Iberia Street, Suite 200
New Iberia, Louisiana 70560
(337) 369-4420
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**PERRY, Judge.**

Defendant appeals his sentence given after entering an open-ended guilty plea to the charge of aggravated assault with a firearm, a violation of La.R.S. 14:37.4. For the following reasons, we affirm but remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

In the early evening of April 20, 2021, deputies from the Iberia Parish Sheriff's Office were called to the home of Kenneth and Karen Boudreaux. Mr. Boudreaux stated that they were taking care of K.B., Defendant's four-year-old daughter, when Defendant, Joshua J. Boutte, came for supervised visitation with her. At some point during the visitation, Defendant, over the objection of Mr. and Mrs. Boudreaux, grabbed K.B. and ran to his car with her in his arms. When Mr. Boudreaux blocked him, Defendant started punching him in the mouth, causing a laceration that required stitches. After Mr. Boudreaux was able to forcefully take K.B. from Defendant's arms, Defendant removed a Ruger .45 caliber handgun from his waistband and pointed it in the air. As Mrs. Boudreaux ran away with K.B., Mr. Boudreaux wrestled the gun away from Defendant, and it fell to the ground. Afterwards, when Defendant fled the scene in his vehicle, Mr. and Mrs. Boudreaux called the Iberia Parish Sheriff's Office. The officers interviewed Mr. and Mrs. Boudreaux, found the discarded weapon on the ground, and obtained a description of Defendant's vehicle.

At 9:59 a.m. on the following day, Deputy Matthew McFarland stopped Defendant's vehicle on U.S. Highway 90 and took Defendant into custody. Deputy McFarland testified that when he apprehended Defendant, he found the following items in Defendant's vehicle: an AK47 pistol grip with a loaded banana clip; a billy club; a loaded drum-type magazine; brass knuckles; and a handcuff key. While

Defendant was handcuffed at the Iberia Parish Jail awaiting incarceration, he attempted to escape, but Deputy McFarland was able to apprehend him.

On June 23, 2021, the State charged Defendant by bill of information with attempted aggravated kidnapping of a child, a violation of La.R.S. 14:27 and 14:44.2(A); aggravated assault with a firearm, a violation of La.R.S. 14:37.4; illegal possession of stolen firearms, a violation of La.R.S. 14:69.1(A); simple battery of the infirm, a violation of La.R.S. 14:35.2; and simple escape, a violation of La.R.S. 14:110.

Later, on December 15, 2021, the State filed an amended bill of information charging Defendant with false imprisonment with a dangerous weapon, a violation of La.R.S. 14:46.1; aggravated assault with a firearm, a violation of La.R.S. 14:37.4; illegal possession of stolen firearms, a violation of La.R.S. 14:69(1)(A); simple battery of the infirm, a violation of La.R.S. 14:35.2; and simple escape, a violation of La.R.S. 14:110.

On April 4, 2023, Defendant entered an open-ended plea agreement where he pled guilty to the charge of aggravated assault with a firearm. The State then dismissed the other charges against Defendant.

At the time he entered his guilty plea, Defendant pled to the following facts. On or about April 20, 2021, Iberia Parish police received a call to an address off Lake Dauterive Road. On arrival, deputies learned that Defendant had gone to the residence of Mr. and Mrs. Boudreaux, who were taking care of his daughter. A physical confrontation broke out between the adults. The confrontation escalated when Defendant brandished a firearm, causing Mr. and Mrs. Boudreaux to fear for their lives.

On July 24, 2023, the trial court held its sentencing hearing. After reviewing Defendant's presentence investigative report and a printout of Defendant's criminal

history,[1] the trial court heard testimony from Mr. and Mrs. Boudreaux, Deputy McFarland, Defendant's mother, Cathy Disante, and Defendant. Afterwards, the trial court sentenced Defendant to serve nine years at hard labor, recommended that he undergo substance abuse programs with the Department of Public Safety because he tested positive for THC, amphetamines, and methamphetamine when he was processed at the Iberia Parish jail, and stated Defendant, who had spent approximately twenty-seven months in jail, was given credit for all time served.

Defendant filed a motion to reconsider sentence, and a hearing took place on September 7, 2023. Defendant asserted three reasons in support of his motion: first, the trial court erred in finding aggravating factors which were unsupported by the evidence presented at sentencing; second, it gave insufficient weight to mitigating factors; and third, it inappropriately considered charges the State had dismissed. The trial court denied Defendant's motion.

On June 25, 2024, Defendant appealed his sentence.

## ASSIGNMENTS OF ERROR

1. The trial court erred in considering the aggravating factor listed in La.Code Crim.P. article 894.1(B)(2) given there was no evidence presented at the sentencing hearing to support that finding.

2. The trial court erred in considering the dismissed charge of La.R.S. 14:44.2 given that Defendant denied the allegation when questioned by the State.

---

[1] At the beginning of Defendant's sentencing hearing, the printout of Defendant's criminal history was introduced into evidence without objection. The court also had available a presentence report which provided further information. In addition to the charges outlined in this opinion, the following items were included in that printout: 10/18/00 (arrest in New Iberia for aggravated assault; no disposition shown); 1/31/06 (arrest in Orleans Parish for illegal carrying of weapons; charge nolle prossed); 1/29/09 (arrest in Iberia Parish for speeding); 12/14/09 (arrest in Iberia Parish for possession of/dealing in firearms with obliterated number/mark; illegal possession of stolen things; possession of marijuana; and prohibited acts/drug paraphernalia; all charges notte prossed when a guilty plea was entered to possession of marijuana); 3/15/15 (arrest in St. Martin Parish for illegal carrying of weapons; prohibited acts/drug paraphernalia; possession of marijuana; and speeding; pled guilty to possession of drug paraphernalia and served fifteen days in jail); 1/20/16 (speeding in St. Martin Parish); and 1/22/16 (failure to appear in St. Martin Parish for a hearing on his possession of a schedule I drug; no disposition shown).

3. The trial court erred in failing to consider mitigating factors in its sentencing.

## ERRORS PATENT REVIEW

In accordance with La.Code Crim.P. art. 920, this court reviews all appeals for errors patent on the face of the record. Our review of the record shows the trial court did not accurately advise Defendant about the time for filing post conviction relief. At sentencing, the trial court advised Defendant that he had "two years from the date your conviction becomes final to file for any post-conviction relief[.]" According to La.Code Crim.P. art. 930.8(A) (emphasis added), the time for filing post-conviction relief is "two years after the *judgment of conviction and sentence has become final*[.]" Thus, we find the advice given by the trial court at sentencing was only partially accurate.

In *State v. Hudson*, 23-760, p. 2 (La. App. 3 Cir. 5/8/24) (unpublished opinion) (2024 WL 2046021), this court found it was inadequate when the trial court advised that Hudson had "'two years from the date this conviction becomes final to file an application for post-conviction relief.'" *See also State v. Wilhite*, 55,023, (La.App. 2 Cir. 5/17/23), 361 So.3d 1246, *writ denied*, 23-847 (La. 3/5/24), 379 So.3d 1271; *State v. Robertson*, 53,970 (La.App. 2 Cir. 6/30/21), 322 So.3d 937, 947; and *State v. Simpson*, 50,334 (La.App. 2 Cir. 1/13/16), 186 So.3d 195.

Considering this jurisprudence, we respectfully instruct the trial court to inform Defendant of the correct provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten (10) days of the rendition of this opinion and to file written proof that Defendant received the correct notice in the record of the proceedings. *State v. Green*, 21-14 (La.App. 3 Cir. 10/27/21), 329 So.3d 917, 921.

4

## DEFENDANT'S ARGUMENT

Defendant's argument that his sentence of nine years is constitutionally excessive can be separated into two categories. First, the defendant alleges the trial court erred in not considering relevant mitigating factors; second, the defendant alleges the trial court erred in considering irrelevant aggravating factors. According to Defendant, the irrelevant aggravating factors considered by the trial court were: 1) the finding that Mr. and Mrs. Boudreaux were vulnerable and incapable of resisting due to advanced age; and 2) the dismissed charge of aggravated kidnapping of a child, which is a violation of La.R.S. 14:44.2. According to Defendant, the former should not have been considered because no evidence supported the finding, and the latter should not have been considered given that Defendant expressly denied the allegation that he committed attempted aggravated kidnapping. Regarding the latter, Defendant testified that he never intended to kidnap his daughter; instead, he asserted that he simply took his daughter to retrieve a stuffed animal from the vehicle. Thus, he argues that this altercation was premised on a misunderstanding.

## STATE'S POSITION

The State contends Defendant's argument concerns the trial court's weighing of the aggravating and mitigating factors in its determination of sentence. It argues that the record establishes that there was sufficient evidence to support the trial court's conclusions and that in reaching its sentencing choice, the trial court considered the factors enunciated in La.Code Crim.P. art. 894.1. That the trial court did not place the same weight on Defendant's mitigating factors as he would like does not mean the trial court abused its discretion in determining the appropriate sentence. Nor was it erroneous for the trial court to consider the unadjudicated conduct, all of which the record supports, as Defendant significantly benefited when those charges were dismissed as part of his plea agreement.

5

Moreover, the State argues Defendant's sentence is not constitutionally excessive. The record shows that Defendant had a drug problem and that he tested positive for amphetamines when he was booked into jail. Furthermore, although he came to visit his daughter, Defendant tried to take her with him when Mr. and Mrs. Boudreaux objected. At that point, as Mr. Boudreaux testified, Defendant said that he was "going to take matters into [his] own hands." Defendant tried to get his daughter into his vehicle, but Mr. Boudreaux blocked him with his body. At that point, Defendant drew a gun and injured Mr. Boudreaux when he struck him with his fist. Lastly, the State points out that when Defendant was apprehended the next day, he had a variety of weapons in his vehicle. Thus, the State argues that the trial court's sentencing choice was warranted under these circumstances.

**ASSIGNMENTS OF ERROR 1–3**

In Defendant's three assignments of error, he essentially asserts his sentence is excessive. Louisiana courts have provided the following guidelines regarding excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:
>
> > La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00); 765 So.2d 1067. The

relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, 958.

*State v. Soileau*, 13-770, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005–06 (alteration in original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261.

Here, the penalty for Defendant's offense, aggravated assault with a firearm, is a fine of "not more than ten thousand dollars or imprisoned for not more than ten years, with or without hard labor, or both." La.R.S. 14:37.4. Even though the trial court could have also imposed a fine, it rejected that option. Thus, we recognize that Defendant's nine-year sentence at hard labor is nearly the maximum term of incarceration.

At the sentencing hearing, Mr. Boudreaux testified that Defendant was the husband of his deceased stepdaughter who died four to six months before the incident at their home. At that time, Mr. Boudreaux and his wife had temporary custody of K.B. Mrs. Boudreaux explained that it was Defendant's mother who legally held temporary custody of their granddaughter, but she would occasionally

7

ask Mr. and Mrs. Boudreaux for help with the child. Defendant had only the right to supervised visitation, and Mr. and Mrs. Boudreaux did not deprive him of that right.

On the day of the incident, Defendant wanted to take his daughter outside, but Mr. and Mrs. Boudreaux said he could not. According to Mr. Boudreaux, Defendant then grabbed his daughter, saying that he was going to take matters into his own hands. Mr. Boudreaux followed him outside and prevented Defendant from putting the child in his car. Defendant punched Mr. Boudreaux several times. "You really messed up this time," Defendant said as he reached for what was tucked in his waistband. Mrs. Boudreaux saw it was a gun and said so to her husband. At that moment, Mr. Boudreaux grabbed Defendant, threw him onto the hood of the car, and Mrs. Boudreaux escaped with the child. A portion of this fight was caught on a Ring camera. This recording was entered into evidence and was played at the sentencing hearing.

At the sentencing hearing, Mr. Boudreaux testified he was injured from this altercation and said he was still concerned about the safety of his family, his wife, and his granddaughter. However, he still wanted Defendant to have a role in the child's life but only after Defendant cleaned up his act. Mrs. Boudreaux testified similarly, saying she also would like Defendant to be involved in the life of their granddaughter, but she was still afraid of him.

Deputy McFarland testified that he considered Defendant armed and dangerous because of Defendant's past interactions with law enforcement. Although Defendant had been cooperative when he was arrested, when he and Deputy McFarland reached the jail, Defendant fled and had to be apprehended.

Ms. Disante, Defendant's mother, also testified. Ms. Disante told the trial court that Defendant's wife told her just before her death that Defendant was doing

drugs. She further told the court that she realized Defendant had anger issues and that he really started going downhill after his wife died. It was because of her observations of Defendant's behavior that she took steps to remove Defendant's daughter from his custody. In addition, Ms. Disante stated that Defendant's daughter is grieving for the loss of her mother and her dad as well; because of that Defendant's daughter is in counseling at the Healing House in Lafayette. Nevertheless, Ms. Disante told the court that Defendant speaks by telephone with his daughter every weekend or whenever she is at her house. She concluded by telling the court that Defendant and his daughter need to be together some.

During the sentencing hearing, Defendant apologized to Mr. and Mrs. Boudreaux, his mother, and his daughter. He said he brought a gun to Mr. and Mrs. Boudreaux's home without intending to do anything. He admitted that he had tested positive for THC when he was booked. Also, Defendant claimed that he was not trying to take his daughter from the house but that he was trying to get a stuffed animal out of the car for her,[2] declaring that the whole ordeal was a misunderstanding with Mr. and Mrs. Boudreaux.

In imposing its sentence, the trial court began by saying:

> The Court has heard the testimony and reviewed the evidence. I've provided a presentencing investigation . . . Mr. Boutte, [t]his court notes that your charges were an attempted aggravated kidnapping of a child, illegal possession of stolen firearms, simple battery of the infirm[], simple escape, which is all of benefit as part of this plea agreement.

Additionally, the trial court noted that Defendant was a first-time felony offender. It also considered the sentencing factors of La.Code Crim.P. art. 894.1, specifically that Defendant was in need of a custodial environment, that a lesser sentence would

---

[2] The record is void of any evidence that a stuffed animal was found in Defendant's vehicle when he was apprehended.

9

deprecate the seriousness of the crime, that his conduct manifested deliberate cruelty to the victim, that he knew or should have known the victim was vulnerable and incapable of resistance due to advanced age, that he knowingly created a risk of death or great harm to more than one person, that he used threats or actual violence, that he used a dangerous weapon, and that he foreseeably endangered human life.

In his argument to this court, Defendant does not list any mitigating factors which he thinks the trial court should have considered. Instead, he notes correctly that the trial court did not specify any particular mitigating factors when it stated its reasons for its sentence. However, just before the trial court imposed its sentence, Defendant's trial counsel presented many mitigating factors for consideration: that Defendant pled guilty to his crime; that he had no prior criminal history; that he was under extreme emotional stress at the time of his offense due to the recent death of his wife; that a lengthy sentence would bring hardship to his family; and that he had already served twenty-seven months in prison. The trial court also noted it heard the testimony, reviewed the evidence, and received a pre-sentence investigation report. Moreover, the trial court stated that it had considered the aggravating and mitigating circumstances.

Contrary to Defendant's claim, the State entered an affidavit into evidence which supported the finding that the victims were vulnerable due to age. The affidavit stated that Mr. Boudreaux was born on September 1, 1958, and Mrs. Boudreaux was born on August 29, 1959; thus, at the time of the altercation with Defendant, Mr. Boudreaux was 62 years of age, and Mrs. Boudreaux was 61 years of age. In addition to the affidavit and the trial court's ability to view Mr. and Mrs. Boudreaux as they testified, the Stated entered a photo of Mr. Boudreaux into evidence to establish his injuries at Defendant's hands, and a video recorded from a Ring camera captured a portion of the crime, which clearly showed the victims as

10

the crime unfolded. This was more than enough for the trial court to judge whether the victims were vulnerable.

Regarding the reference to the dismissed charge of aggravated kidnapping, Defendant cites *State v. Smith*, 431 So.2d 838, 840 (La.App. 2 Cir.), *writ denied*, 435 So.2d 463 (La.1983), which states in pertinent part:

> The contention that the trial judge erroneously considered crimes for which defendant had not been charged or convicted is also without merit. In the absence of allegations of mistake or falsehood, evidence of uncharged offenses is admissible and is a valid factor for consideration in sentencing. *State v. Knapp,* 378 So.2d 911 (La.1979); *State v. Carthan,* 377 So.2d 308 (La.1979); La.C.Cr.P. Art. 894.1 B(7). Defendant made no assertion that testimony concerning his involvement in numerous burglaries (with which he was not charged) was baseless. Therefore, it was appropriate for the trial judge to take these offenses into account in the assessment of defendant's sentence.

Defendant argues that unlike the defendant in *Smith*, he denied the allegation that he attempted to kidnap his daughter. Accordingly, he contends that it was inappropriate for the court to take the dismissed charge into account. Additionally, he notes that evidence indicated Mr. and Mrs. Boudreaux were not the legal guardians of the child, which is an element listed in La.R.S. 14:44.2. From this, Defendant concludes the trial court abused its discretion when it considered the charge, and this led it to issuance of an excessive sentence.

Our review of the record shows that the attempted aggravated kidnapping charge was in the original bill of information but not on the amended bill of information, and when the court mentioned the charge in the quote given above, it was referencing the original bill of information. Nevertheless, a close reading of the record suggests the trial court merely referenced the offense when giving a list of charges that had been dismissed, and it noted Defendant benefited from the plea bargain, which lessened his maximum sentencing exposure from thirty and one-half years to ten. Thus, it does not appear the dismissed charge was considered in the

formulation of Defendant's sentence. We next turn our attention to jurisprudence involving similar sentences for aggravated assault with a firearm.

In *State v. Lafleur*, 16-467 (La.App. 3 Cir. 1/4/17), 209 So.3d 927, *writ denied*, 17-808 (La. 1/29/18), 235 So.3d 1104, the defendant approached the victim's truck and pointed a rifle at him. The defendant eventually lowered the weapon and walked away. He was sentenced to the maximum sentence of ten years. On appeal, the defendant alleged that the trial court neglected to consider his mental illness as a mitigating factor and that the trial court's sentence was based upon the defendant's poor behavior in court rather than the facts of the offense. This court vacated the sentence and remanded for resentencing. After considering the defendant's mental health, the trial court resentenced him to ten years at hard labor, with three of those years suspended. The new sentence was affirmed on appeal. *State v. Lafleur*, 17-284 (La.App. 3 Cir. 10/4/17), 228 So.3d 1248.

In *State v. Brown*, 17-124 (La.App. 4 Cir. 12/12/17), 234 So.3d 978, *writ denied*, 18-10 (La. 6/15/18), 257 So.3d 678, a check given to the victim by the defendant bounced. When the victim confronted the defendant, the defendant pulled a gun on the victim, placed it against his side, and told the victim he had killed two or three people. The defendant never fired the weapon, and no injuries resulted from the defendant's brandishing of the weapon. However, the fourth circuit affirmed the trial court's imposition of the maximum fine of $10,000 and the mid-range sentence of five years at hard labor.

In the present case, Defendant repeatedly punched Mr. Boudreaux, pulled a firearm from his waistband, and threatened Mr. and Mrs. Boudreaux enough for them to have genuine fear for their lives.[3] Although this was his first felony offense,

---

[3] Accompanying Defendant's prison sentence, the trial court issued Uniform Abuse Prevention Orders protecting Mr. and Mrs. Boudreaux. These orders are effective from the date of Defendant's sentencing to December 31, 2030.

12

the record shows that Defendant had past dealings with the police concerning drug use and illegal possession of stolen property. And in the present case, Defendant fled from the jail during booking.

Ultimately, what matters is that the record reflects an adequate factual basis for the sentence imposed and that the sentence neither shocks our sense of justice nor imposes only needless pain and suffering. *State v. Lanclos*, 419 So.2d 475 (La.1982); *State v. Campbell*, 404 So.2d 1205 (La.1981). Here, the record reflects such a factual basis, and when considering Defendant's crime, his background, and the sentences imposed in similar cases, his sentence of nine years at hard labor does not shock our sense of justice. Thus, we find no merit to Defendant's contention that his sentence was constitutionally excessive.

## DECREE

For the foregoing reasons, Defendant's sentence is affirmed. Additionally, the trial court is directed to inform Defendant, Joshua J. Boutte, of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to him within ten (10) days of the rendition of this opinion and to file written proof that Defendant received the notice in the record of the proceedings.

**AFFIRMED. REMANDED WITH INSTRUCTIONS.**