BARRY, Judge.
In State v. Legendre, 522 So.2d 1249 (La.App. 4th Circ.1988), writ den. 523 So.2d 1321 (La.1988), this Court affirmed the conviction but remanded for resentencing because the trial court apparently did not consider the defendant’s mental illness as a mitigating factor. The defendant was re-sentenced and he appeals that sentence.
Our errors patent review revealed that the record did not state that the defendant was present' for resentencing. We requested a per curiam from the district court. The per curiam states the defendant was present for resentencing.
By his sole assignment the defendant alleges the trial court erred by again considering the defendant’s mental illness as an aggravating circumstance. At resen-tencing the judge stated:
The Court of Appeals had remanded for reconsideration of sentence. Upon such reconsideration, the Court has found insufficient reason to alter the sentence originally imposed.
Mental problems notwithstanding, the defendant was found to be competent by a duly appointed sanity commission. His crime was atrocious and clearly illustrated a dangerous proclivity set forth in the pre-sentence report.
With due respect it is not accurate to say that this Court did not consider the defendant’s mental condition as a mitigating factor. This factor was simply outweighed by the extremely dangerous conduct involved. This Court is not without sympathy for the defendant, but the Court cannot permit sympathy to color its judgment or bias against the needs of the community.
The trial judge clearly stated that he considered the defendant’s mental condition as a mitigating factor, but felt that condition was outweighed by the aggravating circumstances of an extremely “atrocious” act. The trial court obviously took into consideration the defendant’s mental illness.
The sentence is affirmed.
AFFIRMED.