GASKINS, J.
 

 |, The defendant, Gerry Jackson, pled guilty to aggravated assault with a firearm and was sentenced to serve four years and three months of imprisonment at hard labor. The defendant now appeals, assigning as error that his sentence is excessive. We affirm.
 

 FACTS
 

 On July 4, 2004, due to a dice game, the defendant was “jumped on” by the victim and a relative of the victim. Later, there were two public shootouts involving the defendant and the victim. During the second incident, the defendant was the driver of a vehicle from which gunshots were fired; the victim was hit in the nose and face. While the defendant denied actually firing the weapon, he admitted knowing that someone else intended to do so.
 

 The defendant was originally charged with the unlawful and intentional discharge of a firearm from a motor vehicle, a violation of La. R.S. 14:94(E), and the unlawful possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. As a result of a plea bargain agreement, the defendant pled guilty to the amended charge of aggravated assault with a firearm, a violation of La. R.S. 14:37.4. The state dismissed the remaining charge and agreed not to seek enhancement of the defendant’s sentence as a habitual offender.
 

 During the lengthy sentencing hearing, the trial court discussed numerous factors, including those set forth in the presen-tence investigation report. The court reviewed the facts of the case at length. The trial court noted that the defendant is a third felony offender and the defendant’s J^nstant conviction is a crime of violence. The trial court specifically stated that it did not impose the maximum five-year sentence because of the consideration given to mitigating circumstances, including the defendant’s work history and his acceptance of responsibility for his actions. The trial court sentenced the defendant to serve four years and three months (51 months) of imprisonment at hard labor. The offense is also punishable by a fine of no more than $5,000; the judge did not impose a fine. The defendant’s timely filed motion to reconsider sentence was denied. This appeal followed.
 

 EXCESSIVE SENTENCE
 

 Law
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the
 
 *843
 
 factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Hampton,
 
 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284,
 
 writs denied,
 
 2004-0884 (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s | ...personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. ■ There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964 So.2d 351;
 
 State v. Jones,
 
 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 2000-1467 (La.2/2/01), 783 So.2d 385.
 

 Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonan-no,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La. 1992);
 
 State v. Robinson,
 
 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has |4great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267;
 
 State v. Black,
 
 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667,
 
 writ denied,
 
 96-0836 (La.9/20/96), 679 So.2d 430. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. June,
 
 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939;
 
 State v. Lingefelt,
 
 38,038 (La.App.2d Cir.1/28/04), 865 So.2d 280,
 
 writ denied,
 
 2004-0597 (La.9/24/04), 882 So.2d 1165.
 

 Discussion
 

 The defendant assigns as error that his sentence is excessive in light of the lack of evidence against him. He further argues that his sentence is not commensurate with the sentences upheld by this court for other defendants convicted of this crime.
 

 After a careful review of the record, we find that the defendant’s sentence was clearly tailored to fit the offender and the offense. The trial court gave specific consideration to the mitigating factors in the defendant’s favor. Furthermore, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense nor is it shocking to the sense of justice. As correctly noted by the trial court, the defendant received a significant reduction in potential exposure to confinement through his plea bargain agreement.
 

 This assignment is therefore without merit.
 

 
 *844
 
 | «CONCLUSION
 

 The defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.