# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 16-467


**STATE OF LOUISIANA**

**VERSUS**

**DANIAL LEWAYNE LAFLEUR**

**-AKA- DANIEL LAFLEUR**

**-AKA- DANIEL LEE LAFLEUR**

**-AKA- DANIAL LAFLEUR**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-702-13
HONORABLE RONALD D. COX, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## BILLY HOWARD EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Billy Howard Ezell, and D. Kent Savoie, Judges.



**SENTENCE VACATED; REMANDED FOR RESENTENCING.**

**Edward Kelly Bauman**
**La Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Danial Lewayne LaFleur**

**Jeffrey M. Landry**
**Attorney General**
**P O Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6200**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Andrea Barient**
**Assistant Attorney General**
**1885 North Third Street**
**Baton Rouge, LA 70802**
**(225) 326-6258**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Danial Lewayne LaFleur**
**Riverbend Corr. Ctr. Dorm D**
**26362 Hwy 15**
**Ferriday, LA 71334**

**EZELL, Judge.**

On December 17, 2013, Defendant Danial Lewayne Lafleur was charged by a bill of information with one count of aggravated assault with a firearm, a violation of La.R.S. 14:37.4. The State filed a "Motion for Appointment of Sanity Commission," and on September 10, 2014, the trial court ordered a sanity commission to determine whether Defendant was competent to assist in his own defense. On July 10, 2015, a sanity commission hearing was held regarding Defendant's capacity to proceed to trial. It was determined that Defendant was incapable of assisting in his defense at trial. Defendant was ordered into treatment at the Eastern Louisiana Mental Health System, Forensic Division. A mental competency hearing was held on October 2, 2015. The trial court found Defendant to be competent to proceed to trial. A jury trial commenced on December 15, 2015. Defendant was found guilty as charged on December 16, 2015. A presentence investigation report was ordered by the trial court. Defendant was sentenced on March 16, 2016, to the maximum sentence of ten years imprisonment at hard labor. Defendant filed a timely "Motion to Reconsider Sentence," in which he asserted that the sentence was excessive under the circumstances of his case. The motion was denied without a hearing on March 16, 2016.

Defendant has perfected a timely appeal. Defendant's appellant counsel asserts that the imposition of the maximum sentence of ten years at hard labor was constitutionally excessive under the circumstances of the case. For the following reasons, we find merit with this assignment of error. Therefore, we vacate the sentence and remand the case to the trial court for resentence. However, we find no merit to any of Defendant's pro-se assignments of error.

## FACTS

In the early evening of October 31, 2013, on Halloween, the victim, David Savoy, and his family were out trick-or-treating. Mr. Savoy was sitting in his truck in a neighbor's driveway after his wife and children had gotten of the truck. As Mr. Savoy sat waiting, Defendant approached the truck, pointed a rifle at Mr. Savoy, and asked Mr. Savoy something about Defendant's baby and a neighbor's swimming pool. Mr. Savoy testified Defendant stood about ten yards away and held the gun on him for about ten to fifteen seconds. Defendant then lowered the rifle and walked away. Mr. Savoy said he did not know what Defendant was asking him and that he was in fear for his life.

## PRO SE ASSIGNMENT OF ERROR NUMBER ONE

We will address Defendant's pro se assignment of error number one first, since should there be merit to Defendant's assertion that the evidence was insufficient to sustain the conviction, Defendant would be entitled to an acquittal of the charge of aggravated assault with a firearm. *State v. Hearold*, 603 So.2d 731 (La.1992). In this case, Defendant's complaint regarding his sentence would be moot.

Defendant argues that the State failed to prove all the elements of the offense, specifically that there was no evidence that the gun discharged or that the gun was even capable of discharging. Louisiana Revised Statutes 14:37.4 provides:

> A. Aggravated assault with a firearm is an assault committed with a firearm.
>
> B. For the purposes of this Section, "firearm" is defined as an instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it.

2

C. Whoever commits an aggravated assault with a firearm shall be fined not more than ten thousand dollars or imprisoned for not more than ten years, with or without hard labor, or both.

An assault is defined as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." La.R.S. 14:36.

The analysis for such insufficiency claims is well-settled: When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781 (1979). In order for this court to affirm the conviction, the record must reflect that the State had satisfied its burden of proving all the elements of the crime beyond a reasonable doubt.

We note that prior to May 25, 2012, Defendant may have been correct in his assertion that to be guilty of aggravated assault with a firearm, the firearm must have been discharged. However, in 2012, the Louisiana Legislature amended La.R.S. 14:37.4 to exclude the phrase "by the discharge of" and added the word "with," thereby eliminating the element of "discharge" of a firearm. 2012 La. Acts No. 320, § 1. Defendant committed the act of pointing a rifle at the victim in October 2013.

A discharge of the firearm is not an element of the offense in this case. *See State in interest of A.J.,* 14-595 (La.App. 4 Cir. 10/1/14), 151 So.3d 659, where the juvenile took a gun to school. The juvenile was adjudicated a delinquent with illegal carrying of a firearm by a student on school property and aggravated assault with a firearm. While the juvenile did not allege insufficient evidence as in the

3

current case, testimony established that he flashed the gun and pointed it at the feet of his girlfriend as she talked to another boy. The girl testified she was afraid when she saw the gun.

Defendant attempts to support his argument that discharge of the firearm was necessary to complete the offense of aggravated assault with a firearm by referencing La.Code Crim.P. art. 893.3(C), which is a sentencing enhancement provision used when a firearm is actually discharged during the commission of a felony or a misdemeanor. This provision is not applicable to the offense charged in this case.

As previously noted, Defendant pointed a rifle at the victim as the victim sat in his vehicle. Defendant admits in brief to this court that he pointed the rifle at the victim. Defendant's girlfriend, with whom he was living, testified that on the evening of the incident it appeared Defendant was waiting for Mr. Savoy. When he saw Mr. Savoy drive by, he picked up his rifle and said he was going to "confront" Mr. Savoy. While Defendant argues that he was only joking and that the victim was his former best friend, Mr. Savoy testified that he had met Defendant only a few times through his family's association with Defendant's girlfriend. Mr. Savoy testified that he feared for his life and that he remained fearful even after Defendant left the scene.

We find that, considered in a light most favorable to the prosecution, the State met its burden of proving all the elements of the offense of aggravated assault with a firearm beyond a reasonable doubt. Defendant pointed the rifle at Mr. Savoy with the intent to cause him to be in reasonable apprehension of receiving a battery. There is no merit to this assignment of error.

4

**ATTORNEY-FILED ASSIGNMENT OF ERROR**

Defendant argues that the trial court did not take into consideration his mental illness as a mitigating factor when he imposed the maximum sentence. He argues that he has been diagnosed with schizophrenia, paranoia, and was, at the time of the incident, "non-compliance with medication." Defendant argues that maximum sentences are generally reserved for the worst offenders, and considering the firearm was not discharged and no one was harmed, he did not deserve a maximum sentence.

In *State v. Foster*, 02-910 (La.App. 4 Cir. 12/11/02), 834 So.2d 1188, the defendant alleged his sentence was excessive because the trial court did not consider his mental illness as a mitigating factor when sentencing him. Concerning the allegation of excessive sentences, the fourth circuit stated:

> Article I, section 20 of the Louisiana Constitution explicitly prohibits excessive sentences. *State v. Baxley*, 94-2982, p. 4, (La.5/22/95), 656 So.2d 973, 977. Although a sentence is within the statutory limits, the sentence may still violate a defendant's constitutional right against excessive punishment. *State v. Brady*, 97-1095, p. 17 (La.App. 4 Cir. 2/3/99), 727 So.2d 1264, 1272; *State v. Francis*, 96-2389, p. 6 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461, *grant of post conviction relief on other grounds affirmed*, 2001-1667 (La.App. 4 Cir. 2/6/02), 809 So.2d 1132. However, the penalties provided by the legislature reflect the degree to which the criminal conduct is an affront to society. *Baxley*, 94-2982 at p. 10, 656 So.2d at 979, citing *State v. Ryans*, 513 So.2d 386, 387 (La.App. 4 Cir.1987). A sentence is constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and is grossly out of proportion to the severity of the crime. *State v. Johnson*, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 677: *State v. Webster*, 98-0807, p. 3 (La.App. 4 Cir. 11/10/99), 746 So.2d 799, 801, *reversed on other grounds sub nom. State v. Lindsey*, 99-3302 (La.10/17/00), 770 So.2d 339. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *Baxley*, 94-2982 at p. 9,

656 So.2d at 979; *State v. Hills,* 98-0507, p. 5 (La.App. 4 Cir. 1/20/99), 727 So.2d 1215, 1217.

In reviewing a claim that a sentence is excessive, an appellate court generally must determine whether the trial judge has adequately complied with statutory guidelines in La. C. Cr. P. article 894.1, and whether the sentence is warranted under the facts established by the record. *State v. Trepagnier*, 97-2427, p. 11 (La.App. 4 Cir. 9/15/99), 744 So.2d 181, 189; *State v. Robinson*, 98-1606, p. 12 (La.App. 4 Cir. 8/11/99), 744 So.2d 119, 127. If adequate compliance with La. C. Cr. P. article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of the case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. *State v. Ross*, 98-0283, p. 8 (La.App. 4 Cir. 9/8/99), 743 So.2d 757, 762; *State v. Bonicard*, 98-0665, p. 3 (La.App. 4 Cir. 8/4/99), 752 So.2d 184, 185.

However, in *State v. Major*, 96-1214 (La.App. 4 Cir. 3/4/98), 708 So.2d 813, this court stated:

> The articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. *State v. Lanclos*, 419 So.2d 475 (La.1982). The reviewing court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. La. C. Cr. P. art. 881.4(D).

96-1214 at p. 10, 708 So.2d at 819.

In *State v. Soraparu*, 97-1027 (La.10/13/97), 703 So.2d 608, the Louisiana Supreme Court stated:

> On appellate review of sentence, the only relevant question is " 'whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.' " *State v. Cook*, 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959 (quoting *State v. Humphrey*, 445 So.2d 1155, 1165 (La.1984)), cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const. art. I, § 20, i.e., when it imposes "punishment disproportionate to the offense."

> *State v. Sepulvado*, 367 So.2d 762, 767 (La.1979). In cases in which the trial court has left a less than fully articulated record indicating that it has considered not only aggravating circumstances but also factors militating for a less severe sentence, *State v. Franks*, 373 So.2d 1307, 1308 (La.1979), a remand for resentencing is appropriate only when "there appear[s] to be a substantial possibility that the defendant's complaints of an excessive sentence ha[ve] merit." *State v. Wimberly,* 414 So.2d 666, 672 (La.1982).

> *Id.*

*Id*. at 1193-95 (alterations in original).

The fourth circuit further discussed the defendant's mental illness as a mitigating factor, as follows:

> The trial court gave no reasons for sentencing, nor indicated in any way that it had considered the sentencing factors in La. C. Cr. P. article 894.1. Defendant argues that his mental illness was a mitigating factor the trial court should have considered. In *State v. Legendre,* 522 So.2d 1249 (La.App. 4 Cir.1988), this court vacated the five-year maximum sentence for second degree battery imposed on a defendant with a long history of mental illness who had been diagnosed as a paranoid schizophrenic and treated with various medications which he continually resisted taking. This court found that the trial court should have considered the defendant's mental illness as a mitigating factor, citing several Louisiana Supreme Court decisions for the proposition that "Louisiana caselaw [sic] does indicate that mental illness should be used as a mitigating circumstance." 522 So.2d at 1252. This court stated that "[w]hen persons with recognized, diagnosed mental illnesses are convicted of crimes, that condition should be considered to mitigate the type and length of sentence imposed on the offender, even if he has been ruled legally sane." 522 So.2d at 1253.

> In *State v. Taylor*, 91-2496 (La.App. 4 Cir. 3/29/94), 635 So.2d 416, this court cited *Legendre* for the proposition that Louisiana jurisprudence indicates that mental illness should be used as a mitigating factor in sentencing. In *Taylor,* however, this court affirmed the defendant's sentence, noting that the defendant failed to introduce evidence that he was suffering from depression at the time of the offense. Hospital records showed that the defendant was diagnosed as suffering from moderate depression one year before the crime. However, defendant did not exhibit any signs of depression when examined some six months after the crime by a psychiatrist appointed to a sanity commission.

7

*Id.* at 1195 (footnote omitted) (second alteration in original).

While the fourth circuit vacated the defendant's sentence on other grounds, the fourth circuit concluded:

> Defendant's sole argument as to his excessive sentence claim is that the trial court failed to consider his mental illness in sentencing him. The trial court failed to consider any mitigating or aggravating factor for the record when sentencing defendant. As previously discussed, defendant's sentences must be vacated because of the trial court's failure to observe the 24-hour delay between denial of defendant's motions for new trial and in arrest of judgment. Defendant did not prove by any objective evidence that he suffered from mental illness at the time he perpetrated any of the offenses for which he was convicted. However, the record suggests that defendant may suffer from and/or may have suffered in the past from a serious mental illness, paranoid schizophrenia. Therefore, the trial court must consider whatever evidence there is of defendant's mental illness as a factor when resentencing him.

*Id.* at 1196.

In the current case, at the sentencing hearing, after the trial court asked defense counsel if he and Defendant had a chance to review the presentence investigation report, Defendant began to contest certain facts listed in the report and concluded with calling the prosecutor an "imbecile right there on a malicious prosecution." The trial court had also officiated at an order of protection hearing instituted by Defendant's girlfriend, and Defendant commenced attacking the trial court for whatever outcome resulted from the order of protection hearing. The Defendant called the trial court "sick", and said "you need to drop that dress that you're wearing right now, get your ass up off of that stand and send me another judge 'cause I want you recused." Defendant continued his tirade as the trial court attempted to calm him down. Eventually, the trial court ordered Defendant to be quiet or his mouth would be duct-taped shut. However, Defendant continued to

8

insult the State during its argument regarding what sentence would be most appropriate for Defendant. Finally, the following occurred:

> MR. LAFLEUR: - - you're not - - no, don't say Mr. Lopez. I ain't married to that tall, beautiful - -
>
> THE COURT: Mr. Lafleur, - -
>
> MR. LAFLEUR: - - prostitute that you and Judge Gunnell's - -
>
> THE COURT: Mr. Lafleur, - -
>
> MR. LAFLEUR: - - f - - king over that desk.
>
> THE COURT: Mr. - - you're going to do what, sir?
>
> MR. LAFLEUR: I said - - I said who you and Judge Gunnell's f- - king over that desk to award her such favor. It's all over the internet.
>
> THE COURT: I was going to give you a suspended sentence.
>
> MR. LAFLEUR: It's all over the internet. It's all over the public radio.
>
> THE COURT: Ten years hard labor, period. Take him away.

As in *Foster,* in the current case, there is nothing in the sentencing record to indicate that the trial court gave consideration to Defendant's mental illness when it sentenced Defendant to the maximum sentence for the offense of aggravated assault with a firearm.

At the July 10, 2015 sanity commission hearing, Patrick Hayes, a board certified psychiatrist, testified regarding his evaluation of Defendant's competency to proceed to trial. Doctor Hayes submitted an extensive report to the trial court which included Defendant's mental health history and a recommendation as to his ability to proceed to trial. In the report, the doctor summarized as follows:

> Mr. Lafleur's deficits are not complete, but can be ascribed to serious, persisting mental illness. While he has sufficient cognitive and intellectual capabilities to understand the factual process, his untreated affective and psychotic illness yields mixed or manic symptoms,

9

delusional symptoms, and psychotic paranoia of an intensity severe enough to render him not competent to stand trial at this time. In other words, his legal self-service is materially impacted in a negative manner by his mental illness.

At the hearing, the doctor testified that Defendant's "symptoms of illness are such that they will likely be exacerbated by a trial." Noting Defendant's propensity to not comply with medication, the doctor recommended that Defendant be committed to Eastern Louisiana Mental Health System.

James Anderson, a medical doctor specializing in psychiatry, agreed with Doctor Hayes' evaluation. In Doctor Anderson's report, submitted into evidence, he stated:

> The records indicate that Mr. Lafleur has a history of psychiatric hospitalizations, a diagnosis of schizophrenia, paranoia, and non-compliance with medication. His medical records document that he was hospitalized in July and November 2005 with suicidal ideation, auditory hallucinations, and alcohol, methamphetamine and cocaine abuse. In February 2011 he was hospitalized with depression, auditory hallucinations, homicidal ideation, alcohol abuse and THC abuse. In addition to psychosis the records document a history of traumatic brain injury.

At the hearing, regarding Defendant's mental illness, Doctor Anderson testified:

> "[C]onsidering the nature of his charges and the legal history that I reviewed, his history of polysubstance abuse, his psychiatric history that included hallucinations and homicidal ideation and the fact that he was noncompliant with medication at that point in time, it was my opinion that he should not be - - that he needed inpatient treatment - - he needed treatment, first of all, and it wouldn't be outpatient treatment because he wouldn't be compliant so it was my opinion that he be admitted to the state forensic hospital.

As noted above, the trial court began the sentencing hearing by asking if Defendant had an opportunity to review the presentence investigation report and would he like to make a statement. At this point, Defendant more or less took over the hearing. The only other person to address to any degree of the sentence was

the State's attorney, who pointed out Defendant's criminal history and recommended a substantial sentence. The only indication the trial judge had considered a sentence, prior to Defendant's outburst, was the statement that he was going to give Defendant a suspended sentence. In *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, it was noted that in order to fashion an appropriate sentence for a defendant, the trial court should take into consideration the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts.

The only information regarding Defendant's background came from the presentence investigation report. The report indicated that Defendant was essentially raised by his grandparents and had no relationship with his parents or siblings. There was evidence of physical and emotional abuse. Defendant began doing drugs and alcohol at a very early age. He dropped out of high school in the ninth grade but obtained his GED. At the time of the report, Defendant was thirty-nine years old.

The report also contained a summary of his mental health history, taken from the reports submitted by Doctor Hayes and Doctor Anderson. The presentence investigation report also noted Defendant's criminal history, which was as follows: 1999, aggravated assault, one year unsupervised probation; 2001, an arrest in Texas for assault with bodily injury of a family member, dismissed; 2003, aggravated assault, six months in the parish jail, suspended, one year unsupervised probation; 2006, driving while intoxicated in Texas, sixty-three days jail, twelve months' probation; and the current offense.

11

Except for the above information, nothing was revealed at the sentencing hearing which supported the trial court's imposition of the maximum sentence other than Defendant's bad behavior towards the trial court, the prosecutor, and even his own counsel. In *State v. Sibley*, 09-1104, p. 7 (La.App. 3 Cir. 6/2/10), 41 So.3d 581, 585-86 (alterations in original), while examining whether the trial court failed to consider Mr. Sibley's mental illness as a mitigating factor when it imposed an alleged excessive sentence, this court noted:

> Louisiana Code of Criminal Procedure Article 894.1(C) states, "[t]he court shall state for the record the considerations taken into account and the factual basis therefore in imposing sentence." The goal of Article 894.1 is the "articulation of the factual basis for a sentence . . . not rigid or mechanical compliance with its provisions." Therefore, "where an adequate factual basis for the sentence imposed" is evidenced in the record, "remand is unnecessary, even where there has not been full compliance with Article 894.1." *State v. Lanclos,* 419 So.2d 475, 478 (La.1982); *State v. Pleasant*, 99-2349 (La.App. 4 Cir. 11/8/00), 772 So.2d 910, *writ denied,* 00-3349 (La.10/26/01), 799 So.2d 1159. A remand for resentencing on a fuller statement of reasons is necessary only when there appears "to be a *substantial* possibility that the defendant's complaints of an excessive sentence [have] merit." *State v. Wimberly*, 414 So.2d 666, 672 (La.1982) (emphasis added).

In *Sibley Id.*, the defendant received two sentences of thirty years each, one for attempted first degree murder and one for armed robbery, to be served concurrently. This court found that the trial court more than adequately addressed mitigating and aggravating factors, and, although it did not specifically state that it was considering the defendant's alleged mental illness, the trial court did note that it was uninformed as to whether the defendant's problem developed before or after his military service. There was testimony at the sentencing hearing by the defendant's mother that the defendant was "messed up" after his military service, an evaluation was submitted to the trial court from a medical doctor stating that the defendant suffered from schizoaffective and posttraumatic stress disorders, and the

trial court discussed the defendant's criminal and social history. The trial court further noted the defendant received a significant benefit when he pled guilty in exchange for the State dismissing several other charges that were associated with the two current convictions. This court concluded there were sufficient facts in the record to support the defendant's sentences, and there was no merit to the defendant's contention that the trial court failed to consider mitigating evidence.

In *State v. Legendre*, 522 So.2d 1249 (La.App. 4 Cir.), *writ denied*, 523 So.2d 1321 (La.1988), the defendant was convicted of second degree battery and sentenced to the maximum sentence of five years at hard labor. As in the current case, the defendant alleged that the trial court failed to consider as a mitigating factor his mental illness; thus, the maximum sentence was excessive. The fourth circuit stated:

> The Louisiana Constitution prohibits the imposition of excessive punishment. La. Const. Art. I, Section 20. Trial judges are vested with wide discretion in imposing sentences; however, that discretion is not unbridled. *State v. Quebedeaux*, 424 So.2d 1009, 1014 (La.1982); *appeal after remand* 446 So.2d 1210 (La.1984). A sentence may be found to be unconstitutionally excessive when considered in light of the particular defendant and the circumstances of the particular crime even if it falls within the statutory limit. *Id.*

> This principle is especially relevant when the maximum penalty has been imposed. Maximum sentences are considered particularly suspect because they are reserved for the most serious violation of the charged offense and the worst kind of offender. *State v. Santee*, 464 So.2d 922, 926 (La.App. 4th Cir.1985). Maximum sentences can be justified only in cases classified as "extreme" by the factual circumstances of the offense and the apparent dangerous proclivities of the defendant. *State v. Ransome,* 441 So.2d 425, 428 (La.App. 2d Cir.1983). "Nothing else will justify the great sentencing discretion given the trial judge in Louisiana." *State v. Jones,* 398 So.2d 1049, 1053 (La.1981).

> La.C.Cr.P. art. 894.1(C) requires that the trial judge state for the record the considerations taken into account and the factual basis therefor in imposing sentence. The judge in the instant case made the following statement at the sentencing hearing:

The defendant stands convicted of the crime of second degree battery. The Court has considered sentence pursuant to Code of Criminal Procedure, Article 894.1 A and B, and in accordance with Code of Criminal Procedure, Article 894.1 C, hereby states for the record the considerations taken into account and the factual basis, therefor, in imposing sentence.

The defendant is 44 years old, divorced, and has an 18 year old son who lives with the victim in this case. He also has two daughters whose whereabouts are unknown. The defendant has a long history of mental problems and has been in and out of hospitals on numerous occasions. He has been diagnosed as chronic paranoid schizophrenic and has been treated with various medications which he continually resists.

While this defendant has no previous convictions he has been arrested eight times for offenses ranging from theft to assault and battery. He has an extremely violent disposition and has attacked his wife and other family members, according to the pre-sentence report, on numerous occasions.

In the instant case, the defendant kicked in the door of his sister's house, threw a glass table top at her and then choked her and threw her against the wall inflicting injuries upon her. The defendant's main problem, according the pre-sentence report, lies in his lack of insight to his illness and his refusal to take prescribed medication away from the hospital.

The reporting person finds that the defendant is a threat to the community itself and recommends that he be incarcerated as long as legally possible.

It is, therefore, the sentence of this Court that the defendant, Ridge Legendre, serve five years at hard labor in the custody of the Department of Corrections.

Appellate review of the sentence imposed is confined to consideration of whether the trial judge abused his great discretion when the judge has complied with La.C.Cr.P. art. 894.1 by stating the individual considerations and factual bases for the sentence. *State v. Finley*, 432 So.2d 243, 245 (La.1983). Review of abuse of discretion is controlled by the following factors, examined in light of the criteria provided in article 894.1 (A) and (B): (1) nature of crime, (2) nature and background of offender and (3) sentences imposed for similar

crimes by the same court and other courts. *Id.* Defendant's personal history, such as age, marital status, dependents, family stability, employment, mental, emotional and physical health, is one of the factors to be taken in account in sentencing decisions. *State v. Crawford,* 410 So.2d 1076, 1078 (La.1982).

La.C.Cr.P. art. 894.1, which provides guidelines for determining whether a defendant should be subjected to imprisonment or suspension or probation, does not specifically list mental illness as a mitigating circumstance to be taken into account to reduce a sentence. However, Louisiana caselaw does indicate that mental illness should be used as a mitigating circumstance. In *State v. Price*, 403 So.2d 660 (La.1981), the court found that the defendant had proven that he had suffered from a "deranged mental condition", which "[did] not absolve defendant of criminal responsibility for his actions, but [did] tend to excuse or explain his behavior." *Id.* at 664. The court found that that factor should have been weighed in sentencing. *See also State v. Hart*, 397 So.2d 518 (La.1981), where the court indicated that the fact the defendant was diagnosed as schizophrenic should have served as a mitigating circumstance in sentencing.

More recently, the Louisiana Supreme Court has indicated that the mitigating circumstances set out in La.C.Cr.P. art. 905.5, which expressly applies only to decisions regarding capital punishment, should be used as mitigating circumstances in other sentencing decisions. In *State v. Lodrige,* 414 So.2d 759 (La.1982), the court lists the mitigating circumstances from that article, stating that they were applicable in that case, which involved the appeal of a six-year sentence at hard labor for attempted aggravated burglary. *Id.* at 761. One of the mitigating circumstances specifically listed in C.Cr.P. art. 905.5 is the following: "The offense was committed while the offender was under the influence of extreme mental or emotional disturbance."

*Id.* at 1251-53 (alterations in original).

The fourth circuit concluded its analysis by vacating the sentence and remanding, stating:

When persons with recognized, diagnosed mental illnesses are convicted of crimes, that condition should be considered to mitigate the type and length of sentence imposed on the offender, even if he has been ruled legally sane. Incarceration of a mental patient in a penal institution for the maximum period of time applicable to the crime is not in keeping with the standards established by courts of this state, or with the theory of punishment and retribution.

15

*Id.* at 1253.

Interestingly, upon remand of *Legendre*, the trial court imposed the same sentence. On appeal, the fourth circuit noted the trial court's reasoning, as follows:

> The Court of Appeals had remanded for reconsideration of sentence. Upon such reconsideration, the Court has found insufficient reason to alter the sentence originally imposed.
>
> Mental problems notwithstanding, the defendant was found to be competent by a duly appointed sanity commission. His crime was atrocious and clearly illustrated a dangerous proclivity set forth in the pre-sentence report.
>
> With due respect it is not accurate to say that this Court did not consider the defendant's mental condition as a mitigating factor. This factor was simply outweighed by the extremely dangerous conduct involved. This Court is not without sympathy for the defendant, but the Court cannot permit sympathy to color its judgment or bias against the needs of the community.

*State v. Legendre,* 548 So.2d 1277, 1278 (La.App. 4 Cir. 1989). This time, the fourth circuit affirmed the sentence, stating that "[t]he trial judge clearly stated that he considered the defendant's mental condition as a mitigating factor, but felt that condition was outweighed by the aggravating circumstances of an extremely 'atrocious' act. The trial court obviously took into consideration the defendant's mental illness." *Id.*

We find that the trial court abused its considerable discretion when it sentenced Defendant to the maximum sentence without any articulation of the aggravating or mitigating factors, particularly considering that there was strong evidence of Defendant's mental illness. While Defendant did have a criminal history, the facts of the case were not near as "atrocious" as in *Legendre*. As noted above in the fact section, Defendant accused the victim of some misperceived

occurrence between the victim and Defendant's son. Defendant pointed the rifle at the victim, then lowered the rifle and walked away. Defendant's behavior in the courtroom the day of sentencing was a strong indication of his mental illness, and the trial court's admission that it was going to give Defendant a suspended sentence suggests that the trial court may have initially considered Defendant's mental illness but then reacted adversely to Defendant's profaned exclamations. For these reasons, we vacate the sentence and remand the matter to the trial court to sentence Defendant, giving consideration to Defendant's mental illness.

## PRO SE ASSIGNMENT OF ERROR NUMBER TWO

Defendant argues he was denied his right to represent himself. In *State v. Daigle*, 07-928, pp. 7-8 (La.App. 3 Cir. 1/30/08), 974 So.2d 869, 873, this court stated:

> This court's position on issues of an accused's right to counsel and right to represent himself and whether these rights had been violated is well established. In [*State v.*]*Whatley*, [03-655 (La.App. 3 Cir. 11/5/03),] 858 So.2d [751] at 765-66, this court quoted with approval [*State v.*] *Hayes*, 95-1170 (La.App. 3 Cir. 3/6/96), 670 So.2d [683] at 685-86, as follows:
>
>> A criminal defendant is guaranteed the right to counsel by both the state and federal constitutions. U.S. Const. amend. VI; La. Const. art. I, § 13. Absent a knowing and voluntary waiver of the right to counsel, no person may be imprisoned unless represented by counsel at trial. *State v. Smith,* 479 So.2d 1062 (La.App. 3 Cir.1985), citing *Argersinger v. Hamlin*, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972).
>>
>> Before a defendant may waive his right to counsel, the trial court must determine whether the defendant's waiver of counsel is intelligently and voluntarily made, and whether his assertion of his right to represent himself is clear and unequivocal. *State v. Hegwood*, 345 So.2d 1179 (La.1977). The determination of whether there has been an intelligent waiver of the right to counsel depends upon the facts and circumstances surrounding the case, including the background, experience, and conduct of the

17

accused. *State v. Harper,* 381 So.2d 468 (La.1980). Although a defendant should be made aware of the dangers and disadvantages of self-representation, there is no particular formula which must be followed by the trial court in determining whether a defendant has validly waived his right to counsel. *State v. Carpenter*, 390 So.2d 1296 (La.1980). However, the record must establish that the accused knew what he was doing and that his choice was made "with eyes open." *Id*. at 1298, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

In the current case, a minute entry dated July 9, 2014, indicates that Defendant advised the trial court he desired to represent himself. The trial court advised him against self-representation. Defendant then told the trial court he wished for counsel to be appointed. The trial court appointed Public Defender David Marcantel to represent Defendant. On September 10, 2014, a minute entry indicates that Defendant again requested that he represent himself. The trial court advised Defendant of the procedure on how to request self-representation. At this hearing, the State asked for a sanity commission to be appointed. The trial court advised Defendant that a sanity commission would indicate whether he had the capacity to represent himself. A sanity commission hearing date was set for November 10, 2014. Defendant was deemed incompetent to assist in his defense at trial and was admitted to Eastern Louisiana Mental Health System for treatment. He was deemed competent to proceed to trial on October 2, 2015. On December 15, 2015, after trial commenced, Defendant sought to fire defense counsel. The trial court denied the request for new counsel but stated that Defendant could assist Mr. Marcantel.

On July 10, 2015, the date scheduled for the first sanity commission hearing, the trial court stated to Defendant's defense counsel, David Marcantel, the following:

All right. Let me put some things on the record. Mr. Marcantel, I - - I thank you for coming. I asked you to come in case - - in case he - - well, I have the docket number, yeah. This is State of Louisiana - - the docket number is CR 702-13, Daniel [sic] Lewayne Lafleur, thirty-first Judicial District Court. I - - when I last had Mr. Lafleur in the courtroom on his - - I'm appointed by the Supreme Court on all of his matters, his custody case, his protective order, and also these criminal charges, and last when I had him in court, he indicated to me that he wanted to - - he wanted to represent himself and not represent you - - and be represented by you, and I indicated to him that he'd have to file a written motion and send you a certified letter, and I understand he has not done that.

MR. MARCANTEL: That's correct.

The above was the extent of any request for self-representation in the record before this court. Defendant has shown nothing to substantiate that the trial court denied him the right to self-representation. There is no merit to this assignment of error.

## PRO SE ASSIGNMENT OF ERROR NUMBER THREE

Defendant argues that the jury was illegal. He contends that pursuant to La.Code Crim.P. art. 782, he should have had a jury of twelve since he was sentenced to hard labor rather than the six that composed his jury. As noted above, the aggravated assault with a firearm statute provided for a range of punishment of "not more than ten years, with or without hard labor[.]" La.R.S. 14:37.4. However, La.Code Crim.P. art. 782(A) provides:

> Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

The trial court had discretion on whether to sentence Defendant to hard labor pursuant to the statute. Accordingly, Defendant was entitled to a jury of only six members.

We find there is no merit to this assignment of error.

**PRO SE ASSIGNMENT OF ERROR NUMBER FOUR**

Defendant argues that the State failed to take him to trial in a timely manner, so he is entitled to have the bill of information quashed. He points out that he was charged on October 31, 2013, but did not go to trial until December 15, 2016, approximately a year and two months past the time limitation.

Louisiana Code Criminal Procedure Article 578 provides:

> A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable:
>
> (1) In capital cases after three years from the date of institution of the prosecution;
>
> (2) In other felony cases after two years from the date of institution of the prosecution; and
>
> (3) In misdemeanor cases after one year from the date of institution of the prosecution.
>
> B. The offense charged shall determine the applicable limitation.

In Defendant's case, he was charged with a non-capital felony. Accordingly, the State had two years from the date of institution of prosecution in which to take Defendant to trial. However, La.Code Crim.P. art. 579, in pertinent part, provides:

> A. The period of limitation established by Article 578 shall be interrupted if:
>
> . . . .

20

(2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or

. . . .

B.  The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.

In this case, a sanity commission was ordered on July 10, 2015.  For more than one year, all proceedings were stayed.  La.Code Crim.P. art. 642.  Defendant was deemed capable to assist in his own defense on October 2, 2015.  Accordingly, the time delay in which to take Defendant to trial was reset after the cause of the interruption ceased to exist, and the State then had until October 2, 2017, in which to take Defendant to trial.

We find there is no merit to this assignment or error.

**PRO SE ASSIGNMENT OF ERROR NUMBER FIVE**

Defendant argues the State impermissibly submitted evidence of Defendant's other crimes without filing a notice of intent prior to trial.  Defendant argues the State admitted the evidence of his prior convictions for the purpose of proving that he committed the charged offense in violation of La.Code Evid. 404(B).  However, the only time Defendant's prior convictions were mentioned during trial was during cross-examination of Defendant.  Louisiana Code of Evidence Article 609.1(A) and (B)  provides that a witness may be questioned about the fact of prior convictions with details of the conviction being admissible only under limited circumstances.

We find there is no merit to this assignment of error.

As for the remainder of Defendant's pro se allegations of error committed by the State or by the trial court, the assertions are all variations of the above

21

discussed assignments of error, or the allegations are conclusory and unsubstantiated.  Therefore, we will not discuss these assignments of error.

## DECREE

We find no merit to Defendant's pro se assignments of errors.  However, we do find merit to Defendant's assertion that the maximum sentence of ten years at hard labor was constitutionally excessive under the circumstance of the case.  Therefore, we vacate the sentence and remand the case to the trial court for resentencing to consider Defendant's mental illness at the time of the offense as a mitigating factor.

**SENTENCE VACATED; REMANDED FOR RESENTENCING.**