# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 17-284

STATE OF LOUISIANA

VERSUS

DANIAL LEWAYNE LAFLEUR

-AKA- DANIEL LAFLEUR

-AKA- DANIEL LEE LAFLEUR

-AKA DANIAL LEFLEUR

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-702-13
HONORABLE RONALD D. COX, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**PICKETT, J., dissents and assigns reasons.**

**AFFIRMED WITH INSTRUCTIONS.**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P.O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Danial Lewayne LaFleur**

**Jeffrey M. Landry**
**Attorney General**
**P.O. Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6200**
**COUNSEL FOR:**
      **State of Louisiana**

**Andrea Barient**
**Assistant Attorney General**
**1885 North Third Street**
**Baton Rouge, LA 70802**
**(225) 326-6258**
**COUNSEL FOR:**
      **State of Louisiana**

**Daniel LaFleur**
**4944 S. Sherwood Forest Blvd**
**Apt. 233**
**Baton Rouge, LA 71301**
**(318) 792-2345**

**EZELL, Judge.**

In Defendant's previous appeal, this court described the procedural history of the case:

> On December 17, 2013, Defendant Danial Lewayne Lafleur was charged by a bill of information with one count of aggravated assault with a firearm, a violation of La.R.S. 14:37.4. The State filed a "Motion for Appointment of Sanity Commission," and on September 10, 2014, the trial court ordered a sanity commission to determine whether Defendant was competent to assist in his own defense. On July 10, 2015, a sanity commission hearing was held regarding Defendant's capacity to proceed to trial. It was determined that Defendant was incapable of assisting in his defense at trial. Defendant was ordered into treatment at the Eastern Louisiana Mental Health System, Forensic Division. A mental competency hearing was held on October 2, 2015. The trial court found Defendant to be competent to proceed to trial. A jury trial commenced on December 15, 2015. Defendant was found guilty as charged on December 16, 2015. A presentence investigation report was ordered by the trial court. Defendant was sentenced on March 16, 2016, to the maximum sentence of ten years imprisonment at hard labor. Defendant filed a timely "Motion to Reconsider Sentence," in which he asserted that the sentence was excessive under the circumstances of his case. The motion was denied without a hearing on March 16, 2016.
>
> Defendant has perfected a timely appeal. Defendant's appellant counsel asserts that the imposition of the maximum sentence of ten years at hard labor was constitutionally excessive under the circumstances of the case. For the following reasons, we find merit with this assignment of error. Therefore, we vacate the sentence and remand the case to the trial court for resentenc[ing]. However, we find no merit to any of Defendant's pro-se assignments of error.

*State v. Lafleur*, 16-467, p. 1 (La.App. 3 Cir. 1/4/17), 209 So.3d 927, 928-29.

On March 9, 2017, the trial court conducted a resentencing hearing and sentenced Defendant to ten years at hard labor with three of those years suspended. Also, the trial court ordered five years of probation. Defendant now appeals, alleging the new sentence is illegal.

**FACTS**

The previous appeal recited the following facts:

> In the early evening of October 31, 2013, on Halloween, the victim, David Savoy, and his family were out trick-or-treating. Mr.

Savoy was sitting in his truck in a neighbor's driveway after his wife and children had gotten out of the truck. As Mr. Savoy sat waiting, Defendant approached the truck, pointed a rifle at Mr. Savoy, and asked Mr. Savoy something about Defendant's baby and a neighbor's swimming pool. Mr. Savoy testified Defendant stood about ten yards away and held the gun on him for about ten to fifteen seconds. Defendant then lowered the rifle and walked away. Mr. Savoy said he did not know what Defendant was asking him and that he was in fear for his life.

*Id.* at 929.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent.

The trial court improperly advised Defendant he had "two years from this day to file any post-conviction relief petitions." Louisiana Code of Criminal Procedure Article 930.8 provides the prescriptive period for filing post-conviction relief is two years which begins to run when a defendant's conviction and sentence become final under the provisions of La.Code Crim.P. arts. 914 or 922. Therefore, the trial court is instructed to correctly inform Defendant of the provisions of Article 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of this opinion and to file written proof in the record that Defendant received the notice.

## ASSIGNMENT OF ERROR

In his sole assignment of error, Defendant argues that his sentence of ten years with three suspended and five years of probation is excessive. In addition, he complains that the trial court did not take his mental health into account as ordered by this court. This court stated: "[W]e vacate the sentence and remand the case to

the trial court for resentencing to consider Defendant's mental illness at the time of the offense as a mitigating factor." *Id.* at 941.

Defendant's counsel filed a written motion to reconsider sentence, which the trial court denied in open court. The motion merely alleged excessiveness and did not raise the mental health issue; also, at the resentencing hearing counsel did not raise the trial court's non-compliance with this court's ruling. Therefore, we will not address the trial court's failure to consider Defendant's mental health as a mitigating factor.

The analysis for excessive-sentence claims is well-established. This court has explained:

> In *State v. Fontenot*, 06-226, pp. 7-5 (La.App. 3 Cir. 7/12/06), 934 So.2d 935, 940-41 (alteration in original), we stated that the analysis for excessive sentence claims is well-settled and wrote:
>
>> To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
>
> *State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.
>
> . . . .
>
> Further, in *State v. Whatley*, 03-1275, p. 6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 959, this court

stated, "The fifth circuit, in [*State v.*] *Lisotta*, [98-648 (La.App. 5 Cir. 12/16/98),] 726 So.2d [57] at 58, [*writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183] stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion: 1. The nature of the crime, 2. The nature and background of the offender, and 3. The sentence imposed for similar crimes by the same court and other courts."

*State v. Brannon,* 07-431, pp. 15-16 (La.App. 3 Cir. 12/5/07), 971 So.2d 511, 521-22, *writ denied*, 07-2465 (La. 5/9/08), 980 So.2d 689 (alterations in original).

Regarding the nature of the crime, it can logically be viewed as one that caused fear to the victim, as Defendant pointed a rifle at him. Regarding Defendant's nature and background, the prior opinion noted:

The only information regarding Defendant's background came from the presentence investigation report. The report indicated that Defendant was essentially raised by his grandparents and had no relationship with his parents or siblings. There was evidence of physical and emotional abuse. Defendant began doing drugs and alcohol at a very early age. He dropped out of high school in the ninth grade but obtained his GED. At the time of the report, Defendant was thirty-nine years old.

The report also contained a summary of his mental health history, taken from the reports submitted by Doctor Hayes and Doctor Anderson. The presentence investigation report also noted Defendant's criminal history, which was as follows: 1999, aggravated assault, one year unsupervised probation; 2001, an arrest in Texas for assault with bodily injury of a family member, dismissed; 2003, aggravated assault, six months in the parish jail, suspended, one year unsupervised probation; 2006, driving while intoxicated in Texas, sixty-three days jail, twelve months' probation; and the current offense.

Except for the above information, nothing was revealed at the sentencing hearing which supported the trial court's imposition of the maximum sentence other than Defendant's bad behavior towards the trial court, the prosecutor, and even his own counsel.

*LaFleur*, 209 So.3d at 934-35.

At the resentencing hearing, the trial court explained:

THE COURT:

All righty.

The -- for the record, I guess I need to say that I -- I was appointed by the Louisiana Supreme Court to sit on all of Mr. Lafleur's cases. In this particular case, the criminal matter, the Judge recused himself, the district attorney's office recused themselves, and the general attorney [sic] was appointed, and I was appointed.

On the civil case, I was appointed on that. I contacted the judicial administrator's office and they indicated that the Supreme Court wished for me to -- to handle all of his matters, and I had advised him of that when I appeared in court.

The Court of Appeals' opinion -- this matter was tried by the jury. The jury returned a guilty verdict. I ordered a Presentence, and -- and the defendant was remanded to the Department of Corrections -- the custody of the Department of Corrections. The Court of Appeals' opinion, as I said a little bit earlier, affirmed the conviction but sent it back because I had indicated -- I had -- I had ordered him to serve the maximum sentence. The Court of Appeals indicated that at the time of the sentencing I was angry at the defendant for his many outbursts in the courtroom. They even pointed out that I -- his outbursts continued, and at one point during the sentencing, I advised him that if he did not maintain order in this courtroom that I was going to have his mouth duct taped. I was not angry at Mr. Lafleur. I was upset that -- what had just happened.

We met -- I met with the assistant attorney general handling the case and with Mr. Marcantel. When I got the Presentence Report, we went over it. I indicated that I was -- I was considering a sentence in jail that partially was suspended on -- conditioned that he not insult, threaten, or have any other outbursts of the kind that we've been having on and on. And in the particular case of -- of his civil matter, the Court granted a protective order after hearings with a number of people testifying, including the mother of his child, and I think her family was here, everybody was here. Had a second hearing later after that protective order stopped where he was -- he was continuing to either threaten them or convey threats to them of -- of fear that they were harming his child, and I granted a permanent injunction in the civil case.

So I have the background of information that I had the civil case by order of the Supreme Court, and it involved threats. I have this case, and the Presentence involved a number of prior threats. I advised Mr. -- and I'm not sure that Mr. Marcantel even had an opportunity. Mr. Lafleur on the day of sentencing was very upset. I'm not sure that he had -- you had -- you had a chance. I know you went and met with him to show him the Presentence Report, but

5

immediately upon coming in the courtroom, my assumption is he understands I'm going to suspend a portion of his sentence on the condition that he not threaten or -- and immediately he cursed and threatened -- I think he called the assistant attorney general an imbecile, and he threatened myself, and he threatened Judge Gunnell. He was -- he was in a very angry manner at the sentencing. To me, at the time, obviously, he did not want to partake in any conditions of probation, and he would not comply with any conditions of probation. So I gave him the maximum sentence.

This -- this recommendation by the attorney general's office, I mean, that's -- I'm not sure that this will work unless Mr. -- we may be back here on a motion to revoke probation if that -- if he continues to threaten someone, but I'm going to follow the recommendation that the attorney general's office had made, and the Court sentences the defendant to a term of seven years of which three of the seven are to be suspended. He's placed on probation for a five-year period of time after his release, and the conditions of probation are as outlined in the prepared order by the attorney general's office.

This is another chance for -- at some period of time for him to be released before the ten years is up. If you continue -- and -- and, Mr. Lafleur, I've told you this in court before: If you continue to threaten and insult court officials that your suspended sentence is not available for you. Any part of a sentence cannot be suspended if you're not going to abide by the conditions.

So with that in mind, the sentence of the -- I follow all the recommendations of the -- of the attorney general's office. I've changed the date on it 'cause it was set for February but Concordia did not transport him here for the date and the time, but we had all come before. They brought him yesterday. He's here today. It's completed. I have signed that, and I have all the other orders in here, and I dated it today, the 9th of March, 2017, and that will be the order of the Court.

The record provides an explanation for both the prior sentence and the current sentence, including the thinking behind the term of probation. The transcript of the rehearing reveals a correction to the seven year sentence expressed above when the defense counsel stated: "I think that what you orally stated was his sentence doesn't conform with this order[.]" To which the trial judge responded: "Ten years hard labor of which three are suspended." Thus, the trial court

6

sentenced him to ten years at hard labor with three years suspended, not seven years with a three-year suspended sentence.

The third *Lisotta* factor[1] is a survey of sentences for similar crimes in this and other courts. However, the legislature amended La.R.S. 14:37.4 in 2012 to increase the maximum penalty from five years to ten years. The only case we have found under the newer sentencing regime is the prior appeal of the present case. When five years was the maximum sentence, various cases approved maximum or near-maximum sentences: *State v. Fomond*, 05-540 (La.App. 3 Cir. 1/18/06), 921 So.2d 1103 (four years each on two concurrent counts); *State v. Jackson*, 43,818 (La.App. 2 Cir. 1/14/09), 1 So.3d 841 (four years and three months); and *State v. Johnson* 39,813 (La.App. 2 Cir. 8/17/05), 908 So.2d 1261 (five years). We also note *State v. Qualls*, 40,630, p. 36 (La.App. 2 Cir. 1/27/06), 921 So.2d 226, 248, a habitual offender case in which the underlying offense was a violation of La.R.S. 14:37.4 (ten years for defendant who had "chronic difficulties with obeying the law" and discharged a weapon near a large crowd).

Looking to the trial court's reasoning, we note that if Defendant refrains from illegal conduct after he is released, he could serve seven years in prison, three years short of the maximum. We do not find Defendant's sentence excessive.

**DECREE**

Defendant's new sentence is affirmed. However, the trial court is instructed to correctly inform Defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to Defendant within ten days of the rendition of

---

[1]*State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183 (cited above in *Brannon*, 971 So.2d 511).

this opinion and to file written proof in the record that Defendant received the notice.

**AFFIRMED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal. Rule 2-16.3.

STATE OF LOUISIANA

VERSUS

DANIAL LEWAYNE LAFLEUR
-AKA- DANIEL LAFLEUR
-AKA- DANIEL LEE LAFLEUR
-AKA- DANIAL LAFLEUR


Pickett, J., dissents and assigns reasons.

In *State v. Lafleur*, 16-467 (La.App. 3 Cir. 1/14/17), 209 So.3d 941, this court found this defendant's ten year sentence to be constitutionally excessive. As a result, we vacated the sentence, ordering:

> [W]e vacate the sentences and remand the case to the trial court for resentencing to consider Defendant's mental illness at the time of the offense as a mitigating factor.

On remand, the trial court resentenced the defendant, but the record before us reflects the trial court did not take the defendant's mental illness at the time of the offense into account when resentencing the defendant. Therefore, I would again vacate the defendant's sentence and remand to the trial court to comply with this court's instructions.